**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 99-40280

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HUGO P. ABSALON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(USDC Docket No. B-98-CR-506-1)

_____

February 24, 2000

Before POLITZ, GIBSON,* and HIGGINBOTHAM, Circuit Judges.

POLITZ, Circuit Judge:**

Hugo P. Absalon appeals his guilty-plea convictions and sentences for transporting an alien within the United States and being a felon in possession of a firearm. For the reasons assigned, we affirm.

## BACKGROUND

On September 30, 1999, a federal grand jury returned an eight-count

---

*Circuit Judge of the Eighth Circuit, sitting by designation.

**Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

indictment charging Absalon with the following: inducing a minor alien to enter the United States illegally in violation of 8 U.S.C. §§ 1324(a)(1)(A)(iv) and (a)(1)(A)(II) (Count 1); transporting an alien within the United States in violation of 8 U..S.C. §§ 1324(a)(1)(A)(ii) and (a)(1)(A)(II) (Count 2); kidnaping in violation of 18 U.S.C. §§ 1201(a)(1) and (d) (Count 3); transportation of a minor with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a) (Count 4); and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Counts 5-8).

Pursuant to a plea agreement Absalon pleaded guilty to Counts 2 and 5. Under the agreement the government dismissed the remaining charges and recommended that Absalon receive credit for acceptance of responsibility.

After the district court accepted Absalon's guilty plea sentencing hearings were conducted. At that time Absalon objected to certain factual findings in the presentence report. The government presented testimony in support of facts contained in the PSR and Absalon cross-examined the witnesses. During one of these hearings, the court stated that it was considering a departure from the sentencing guidelines based upon Absalon's "relevant or related conduct." Absalon objected, and the court gave him the opportunity to present additional evidence in support of his request not to depart.

After considering the evidence presented at the sentencing hearings the district court found that Absalon had taken photographs of the involved minor that clearly were provocative and intended to appeal to the prurient interest of a person

2

desiring to exploit minors for sexual gratification. The court also concluded that Absalon had exploited the young girl who already was being sexually abused, using her prior abuse to his advantage. The court adopted the factual findings of the PSR, but declined to accept the reduction for acceptance of responsibility, determining that Absalon did not accept responsibility for his actions. It additionally found that Absalon kidnaped the minor girl as alleged in Count 3. In its written judgment, the trial court stated that the hostage taking and sexual exploitation occurred during the course of the offense to which Absalon pled guilty. For these reasons, the court departed from the guideline range recommended in the PSR. The district court sentenced Absalon to sixty months in prison for Count 2 and eighty-seven months in prison for Count 5, to run concurrently. The court also imposed concurrent three-year terms of supervised release, a $2,000 fine, and special assessments totaling $200. Absalon timely appeals his convictions and sentences.

## ANALYSIS

On appeal, Absalon asserts that the district court erred in obtaining a guilty plea before admonishing him of the three core concerns envisioned by Federal Rule of Criminal Procedure 11 and ensuring that he understood the nature of the charges against him. He also contends that the court erred in failing to provide timely and specific notice of its intention to depart from the sentencing guidelines, as required by Federal Rule of Criminal Procedure 32(c)(1).

### I.    The Core Concerns of Rule 11

In reviewing whether the district court complied with the dictates of Rule 11,

3

we conduct a two-prong "harmless error" analysis: (1) did the district court in fact vary from the procedures required by Rule 11, and (2) if so, did such variance affect substantial rights of the defendant?[1]  A variance from Rule 11 affects a defendant's substantial rights if it "may reasonably be viewed as having been a material factor affecting [defendant]'s decision to plead guilty."[2]

Our review of the record, in light of controlling law, persuades that there is no merit to Absalon's contention that the district court violated Rule 11 by allowing him to plead guilty before addressing the three core concerns of Rule 11.  Because Rule 11's requirements must be satisfied only before the district court accepts a guilty plea, the district court need only address those concerns prior to accepting that plea.[3]

Nor do we find merit in Absalon's alternative contention that the district court failed to address one of the Rule's three core concerns, specifically, whether Absalon understood the nature of the charges.[4]  We conclude that the trial court fulfilled its Rule 11(c)(1) duty to inform Absalon of the nature of the charges by confirming that he received a copy of the indictment and discussed the charges with his counsel; by reviewing the charges in the indictment with Absalon and ascertaining that he understood that those charges were the allegations against him;

---

[1]**United States v. Johnson**, 1 F.3d 296 (5th Cir. 1993) (en banc).  **See also** Fed. R. Crim. P. 11(h).

[2]**Johnson**, 1 F.3d at 302 (internal quotation marks and citation omitted).

[3]Fed. R. Crim. P. 11(c).

[4]Fed. R. Crim. P. 11(c)(1).

4

and by having the government read Counts 2 and 5 of the indictment, inquire whether he understood the charges, and recite the evidence it would present at trial. Because the charges against Absalon were simple and his level of sophistication high, we hold that the government's reading of the indictment, followed by the opportunity given Absalon to ask questions, suffices.[5]

## II.    Upward Departure

The sentencing guidelines carve out a "'heartland,' a set of typical cases embodying the conduct that each guideline describes."[6] A district court may depart from the guidelines if the court finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines . . . ."[7]

Before a district court may depart upward from the guidelines on a ground not identified as a ground for departure in either the PSR or in a prehearing submission by the government, the court must give the parties reasonable notice that it is considering a departure and must specifically identify the grounds for

---

[5]**United States v. Dayton**, 604 F.2d 931, 938 (5th Cir. 1979) (en banc) ("For simple charges . . ., a reading of the indictment, followed by an opportunity given the defendant to ask questions about it, will usually suffice" to satisfy the requirements of Rule 11(c)(1).), *cert. denied*, 445 U.S. 904 (1980); **United States v. Punch**, 709 F.2d 889, 893 n.4 (5th Cir. 1983) ("The judge need not personally read the indictment to the defendant; it is enough if this is done before the judge at his direction.").

[6]U.S.S.G. ch. 1, pt. A, intro. Comment 4(b); **United States v. Nevels**, 160 F.3d 226 (5th Cir. 1998), *cert. denied*, __ U.S. __, 119 S.Ct. 1130 (1999).

[7]U.S.S.G. § 5K2.0 (quoting 18 U.S.C. § 3553(b)); **Nevel**s, 160 F.3d at 231.

5

departure.[8]  The required "[n]otice of upward departure should be sufficient to satisfy 'Rule 32's purpose of promoting focused, adversarial resolution of the legal and factual issues relevant to fixing Guideline sentences.'"[9] The court's notice must be sufficient to avoid placing defense counsel in the position of "trying to anticipate and negate every conceivable ground on which the district court might choose to depart on its own initiative."[10]  The purpose of requiring courts to give notice of departure is to provide the parties with "an opportunity to comment upon the probation officer's determination and on other matters relating to the appropriate sentence."[11]  We review a court's departure from the sentencing guidelines for abuse of discretion and will affirm if the court provides acceptable reasons for departure and the degree of departure is reasonable.[12]

Absalon urges that the district court reversibly erred in failing to provide timely notice of its intent to depart upward and in failing to identify specifically the grounds for the potential departure.  During the sentencing hearing held on February 4, 1999, Absalon repeatedly objected to the district court's consideration of an upward departure.  Each time, Absalon contended that the PSR did not give

---

[8]**Burns v. United States**, 501 U.S. 129 (1991); **Nevels**, 160 F.3d at 231.

[9]**United States v. Milton**, 147 F.3d 414, 421 (5th Cir. 1998) (quoting **Burns**, 501 U.S. at 137).

[10]**Id.**

[11]**Id.** (quoting Fed. R. Crim. P. 32(a)(1)).

[12]**United States v. Clements**, 73 F.3d 1330 (5th Cir. 1996); **Nevels**, 160 F.3d at 229-30.

him reasonable notice that departure was a possibility, nor did it identify grounds for departure. Although Absalon did not specifically state in his objections that the court failed to give him reasonable notice and failed to identify the grounds upon which it could base a departure, we conclude that Absalon's objections fairly can be understood as a protest to the manner in which the court notified the parties that it was considering a *sua sponte* departure. His lack-of-notice objections alerted the court to his complaint and were sufficient to preserve his arguments for appeal.

Our review leaves us unpersuaded by Absalon's contentions. After notifying Absalon at the sentencing hearing that it was considering an upward departure, the district court recessed to provide time for a response. The court also stated that it would provide Absalon with an opportunity to present evidence in support of his request not to depart. Absalon's counsel replied that he would not need "very much time." Counsel subsequently requested to proceed that day without a continuance. Because Absalon had ample opportunity to prepare and present evidence in opposition to a departure, we conclude and hold that the district court provided Absalon with reasonable notice of its intent to depart upward.[13]

We find equally unpersuasive Absalon's contention that the district court

---

[13]In **Burns**, the Supreme Court declined to impose a time restriction as to when a court must provide reasonable notice of its intent to upwardly depart *sua sponte*. Rather, it left the question of timing to the lower courts. **Burns**, 501 U.S. at 139 n. 6. Without a specific time restriction to guide us, we are left to determine whether notice was reasonable on a case-by-case basis. The facts of the instant case compel the conclusion that notice was reasonably given where the defendant had an opportunity to prepare and present evidence in support of his opposition to an upward departure.

failed to notify him of the grounds for possible departure. The record reflects that Absalon defined the scope of the sentencing inquiry by his objections to the PSR's description of his offense conduct. The sentencing hearing was focused and adversarial, centering on Absalon's objections to information in the PSR indicating that he had taken the young girl against her will and sexually exploited her. After notifying Absalon that it was considering an upward departure, the district court explained its concern that he was disputing relevant conduct that would provide a basis for departure. Absalon, having placed his relevant conduct at issue by disputing information in the PSR, was fully aware of the grounds on which departure was being considered.

Inasmuch as Absalon made his relevant conduct the central issue at sentencing, and given that the court cautioned him early in the proceedings that the government would be allowed to refute his description of his relevant conduct, Absalon was not in the position of "trying to anticipate and negate every conceivable ground on which the district court might choose to depart on its own initiative."[14] Thus, the district court did not violate Rule 32(c)(1) by identifying Absalon's disputed relevant conduct as grounds for a possible upward departure. The notice of upward departure based upon his relevant conduct was sufficient to satisfy the Rule 32 requirement that each party be given an opportunity to comment on sentencing matters, and it promoted a focused and adversarial resolution of issues relevant to Absalon's sentencing.

---

[14]**Milton**, 147 F.3d at 421 (quoting **Burns**, 501 U.S. at 137).

Absalon challenges on appeal only the propriety of the district court's notice of upward departure. He does not contend that the reasons for upward departure were unacceptable or that the degree of departure was unreasonable. Having concluded that the trial court's notice was proper, we need not and do not address whether the district court abused its discretion in its upward departure.

The convictions and sentences are AFFIRMED.