Revised December 10, 1998

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

No. 97-20845

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

SAMMIE LEE NEVELS,

Defendant-Appellant.

---

Appeal from the United States District Court
For the Southern District of Texas

November 9, 1998

Before SMITH, DUHÉ, and WIENER, Circuit Judges

DUHÉ, Circuit Judge:

Sammie Lee Nevels ("Nevels") pleaded guilty to two counts of possession of stolen mail for possession of a stolen social security check and a stolen sweepstakes promotion. In computing Nevels' offense level under the United States Sentencing Guidelines ("Guidelines"), the district court increased the base offense level by two under §2B1.1(b)(2) based on theft from a person. Further, the court departed above the Guidelines' maximum range, because Nevels' behavior was egregious and Nevels had not disclosed his

total involvement. Nevels appeals the increased base offense level and the upward departure. We affirm.

I. Background

On January 3, 1997, an unidentified individual stole two bundles of mail containing Social Security checks from a United States Postal Service letter carrier at gunpoint. The bundles of mail, minus the Social Security checks, were recovered about eight blocks away approximately thirty minutes after the theft. Nevels' fingerprints were on a sweepstakes promotion and Dimitris Simpson's fingerprints were on several pieces of mail in the recovered bundles.

Three months later, an unidentified individual broke into a Postal Service vehicle and stole a bundle of mail, including social security checks. While the Postal Inspection Service was investigating an attempt by Simpson to cash a check from the bundle stolen from the Postal vehicle, a store owner provided documentation that Nevels had cashed a Social Security check from the bundles stolen in January. Nevels cashed a check for $653 payable to Johnie M. Ward on January 3, 1997, using identification with Ward's name but Nevels' picture. Nevels admitted that he had received and cashed a social security check payable to Johnie M. Ward. Nevels stated that the same couple who gave him the check helped him obtain the false identifications, and paid him 35% of the check proceeds. Nevels also admitted that he had been cashing

2

checks for the couple since October 1996.

Nevels pleaded guilty to two counts of possession of stolen mail. The Presentence Investigation Report ("Report") calculated a total offense level of seven, based on: (1) a base offense level of four under 1997 U.S.S.G. § 2B1.1(a), which applies to the most basic property offenses, see 1997 U.S.S.G. § 2B1.1(a) introductory comment; (2) a one level increase under 1997 U.S.S.G. § 2B1.1(b)(1)(A) because the amount of the check exceeded $100; (3) a two level increase under 1997 U.S.S.G. § 2B1.1(b)(2) because the theft constituted relevant conduct and the theft was from a person; (4) a two level increase under 1997 U.S.S.G. § 2B1.1(b)(4)(A) because the crime required more than minimal planning; and (5) a two level decrease under 1997 U.S.S.G. § 3E1.1(a) for acceptance of responsibility. The Report also calculated Nevels' criminal history category as IV.[1] The Report suggested use or possession of a weapon during the commission of the offense as a possible ground for upward departure under 1997 U.S.S.G. § 5K2.6. Nevels objected to the two level increase based on theft from a person as relevant conduct, and the upward departure based on use or possession of a weapon.

At sentencing, the district judge overruled Nevels' objections and adopted the Report's findings and recommendations. Further,

---

[1]A total offense level of seven and a criminal history category of IV translated to a Sentencing Guidelines imprisonment range of 8 to 14 months.

the judge upwardly departed to a base level of 14[2] under 1997 U.S.S.G. § 5K2.0 because of the egregious nature of Nevels' conduct[3] and his lack of truthfulness. He sentenced Nevels to 33 months imprisonment, three years supervised release, and $653 in restitution. Nevels appeals the two level upward adjustment for theft from a person, and the seven level upward departure based on egregious behavior and lack of truthfulness.

II. Two Level Increase in Nevels' Base Level Based on Relevant Conduct

A. Standard of Review

The district court's determination of what constitutes relevant conduct for sentencing purposes is a factual finding. See United States v. Peterson, 101 F.3d 375, 384 (5th Cir. 1996). The trial judge's factual findings must be supported by a preponderance of the evidence. See United States v. Sotelo, 97 F.3d 782, 799 (5th Cir. 1996). We review factual findings for sentencing purposes for clear error. See United States v. Narviz-Guerra, 148 F.3d 530, 540 (5th Cir. 1998).

B. Analysis

---

[2]A base level of 14 and a criminal history category of IV translate to a range of 27 to 33 months.

[3]The judge comments at length on the Social Security recipients' reliance on their checks for the necessities of life, and the stress and anxiety resulting when the checks are not promptly received.

The district judge increased Nevels' base level by two for the specific offense characteristic "theft from the person of another" under § 2B1.1(b)(2). The Guidelines permit a judge to "hold a defendant accountable for all relevant conduct." United States v. Maseratti, 1 F.3d 330, 340 (5th Cir. 1993), cert. denied, 510 U.S. 1129 (1994). A defendant who is part of a "jointly undertaken criminal activity"[4] is accountable for "all reasonably foreseeable acts . . . of others in furtherance of the . . . activity." 1997 U.S.S.G. § 1B1.3(a)(1)(B); 1997 U.S.S.G. § 1B1.3(a)(1)(B) comment 2. However, conduct occurring before a defendant joined the criminal venture is not "reasonably foreseeable." 1997 U.S.S.G. § 1B1.3(a)(1)(B) comment 2; see also United States v. Carreon, 11 F.3d 1225, 1235-38 (5th Cir. 1994).

Nevels agrees that the mail was stolen from the person of another. However, he disputes that this theft from a person is relevant conduct for his sentencing. He maintains that the government has no evidence that he robbed the letter carrier. Further, the government has no evidence that *he* was part of any joint criminal activity before he cashed the check, thus theft from the person of the letter carrier was not reasonably foreseeable.

The district judge's determination that Nevels' involvement in the joint criminal activity preceded his cashing the check is not

---

[4]Criminal activity includes "a criminal . . . scheme . . . undertaken by the defendant in concert with others, whether or not charged as a conspiracy . . . ." 1997 U.S.S.G. § 1B1.3(a)(1)(B) & comment 2.

5

clearly erroneous.  First, Nevels admitted that he had been cashing checks for the couple since October 1996.  Second, fingerprints of both Nevels and Simpson were on mail in the bundles recovered just 30 minutes after and about eight blocks from the scene of the January robbery.  Third, Nevels admitted that he received the check from a couple who also provided his fake identifications, and presumably to whom he gave the money from the cashed check, minus his 35% share.

Further, the district judge's determination that theft from the person of another was reasonably foreseeable and furthered the joint criminal activity is not clearly erroneous.  A judge determining the scope of a jointly undertaken criminal activity may consider "any . . . implicit agreement fairly inferred from the conduct of the defendant and others."  1997 U.S.S.G. § 1B1.3(a)(1)(B) comment 2.  The district judge could reasonably infer from the scheme to cash stolen checks that Nevels should have reasonably foreseen that checks might be stolen from the person of a letter carrier.

Although the district judge did not explicitly state that Nevels jointly undertook criminal activity, and that theft from the person of another was reasonably foreseeable and in furtherance of this joint activity, these conclusions are reasonably clear in the district court's findings.  See <u>United States v. Lghodaro</u>, 967 F.2d 1028, 1030 (5th Cir. 1992).

III.  Upward Departure

A.  Standard of Review

We review the district judge's departure from the Guidelines for abuse of discretion.  See  Koon v. United States,518 U.S. 81, 98 (1996); United States v. Arce, 118 F.3d 335, 339 (5th Cir. 1997).  There is no abuse of discretion if the judge provides acceptable reasons for departure and the degree of departure is reasonable.  See United States v. Clements, 73 F.3d 1330, 1341 (5th Cir. 1996).

B.  Analysis

The district judge upwardly departed from the Guidelines under § 5K2.0 although the Report did not recommend such a departure. He boosted Nevels' offense level from seven to 14 for behaving egregiously and for not being truthful concerning his total involvement in the scheme.  Nevels asserts that the district judge abused his discretion by upwardly departing on these bases, and that the judge did not give adequate notice of his intent to upwardly depart.

1.  Upward departure based on Nevels' egregious conduct and his untruthfulness about his total involvement

The Guidelines carve out a "'heartland,' a set of typical cases embodying the conduct that each guideline describes."  1997 U.S.S.G. ch. 1, pt. A, intro. comment 4(b).  The district judge can depart from the Guidelines  based on factors "not adequately taken

into consideration by the Sentencing Commission in formulating the guidelines," with the exception of several factors that the Guidelines explicitly exclude from consideration. 1997 U.S.S.G. § 5K2.0. The judge can consider acts and factors that are not necessarily criminal or illegal when deciding whether or how much to depart. See Arce, 118 F.3d at 340-41 (citing specific Guidelines provisions and comments to justify this finding).

The judge did not abuse his discretion in upwardly departing based on Nevels' egregious conduct. Section 2B1.1 covers the most basic property offenses, and warrants an upward departure if the monetary loss adjustment "does not fully capture the harmfulness of the conduct." 1997 U.S.S.G. § 2B1.1 commentary n.15. The judge provided acceptable reasons for his departure, focusing on the fact that Social Security checks are government securities; that recipients rely on these checks for subsistence; that Nevels had participated in this scheme for several months; that Nevels had jointly participated with others; that Nevels had used fake identifications. The degree of the departure is also reasonable, since the ultimate sentencing range of 27-33 months is well within the five year statutory maximum for possession of stolen mail.

We need not address whether the judge abused his discretion in upwardly departing based on Nevels' "untruthfulness." Even if Nevels' "untruthfulness" were an invalid reason for departure, "the district court would have imposed the same sentence absent reliance

8

on [this] invalid factor[]."[5]  Koon, 518 U.S. at 113.

Nevels claims that the Guidelines account for both bases for the judge's upward departure.  The Guidelines include a vulnerable victim adjustment, permitting the judge to increase two levels from the base level if the defendant "knew or should have known that a victim of the offense was unusually vulnerable due to age, . . . [or] was otherwise particularly susceptible."  1997 U.S.S.G. § 3A1.1.  The Guidelines also include a downward adjustment for acceptance of responsibility. See 1997 U.S.S.G. § 3E1.1.  Nevels pled guilty to both counts  of possession of stolen mail, admitted to the elements of the crime, and expressed remorse, entitling him to a downward adjustment.  Nevels asserts that because refusal to admit relevant conduct beyond the convicted offense will not justify a denial of an adjustment for acceptance of responsibility, such refusal can not provide the basis for an upward departure.

We need not resolve whether the Guidelines account for "untruthfulness."  Even if the Guidelines explicitly include adjustments for certain factors, the district judge has the discretion to determine that the particular conduct at issue is outside the "heartland," because the conduct is of "a kind or to a degree not adequately accounted for in the Guidelines." See United States v. Arce, 118 F.3d 335, 340 (5th Cir. 1997).  The judge determined Nevels' unadjusted base level under 1997 U.S.S.G. §

---

[5]See supra n.3 (noting that the judge repeatedly stressed the egregious nature of Nevels' conduct).

9

2B1.1(a).  Section 2B1.1(a) applies to the most basic property offenses and warrants an upward departure if the monetary loss adjustment "does not fully capture the harmfulness of the conduct." 1997 U.S.S.G. § 2B1.1 commentary n.15.  Nevels' extensive involvement as discussed above is "of a kind or degree not adequately accounted for" by § 2B1.1(a).  Therefore, his egregious conduct constitutes an acceptable reason for the judge's departure. Further, the degree of the departure is reasonable, since the 33 month sentence is well below the five year statutory maximum.  We need not address the issue of Nevels' "untruthfulness," since "the district court would have imposed the same sentence absent reliance on [any] invalid factor[]."[6]  Koon, 518 U.S. at 113.

 2.  The district judge's failure to give notice of the upward departure

The judge must give the parties reasonable notice and specifically identify the grounds for an upward departure if he departs for reasons not included in the Sentencing Report or other presentencing submissions by the parties.  See Burns v. United States, 501 U.S. 129, 138-39 (1991).  We review Nevels' lack of notice claim for plain error because he did not object to this aspect of departure in the district court on notice grounds.  See United States v. Milton,147 F.3d 414, 416, 418 (5th Cir. 1998). Even assuming plain error, we reverse only if the error "affects

---

 [6]See supra n.3 (noting that the judge extensively commented on the egregiousness of Nevels' conduct).

10

the substantial right of the defendant" or "seriously affects the fairness, integrity, or public reputation of judicial proceedings." United States v. McDowell, 109 F.3d 214, 216 (5th Cir. 1997). The defendant has the burden of proving prejudice from the error. See United States v. Olano, 507 U.S. 725, 734 (1993). Nevels has not carried his burden of proving prejudicial error. He simply asserts that if he had known the judge would view theft of a Social Security check as egregious conduct because the theft would cause the vulnerable recipient unusual despair, he could have directed the judge to the vulnerable victim adjustment, which carries only a two level adjustment. For the reasons stated above, the judge would have had the discretion to upwardly depart from the Guidelines by seven levels even if the vulnerable victim adjustment applied to the circumstances of this case.

**AFFIRMED.**

11