**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 98-51228
SA-98-CR-267-ALL

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

CARLOS MARTINEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

December 13, 1999

Before JONES, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellant Martinez pleaded guilty to obstructing commerce by robbery and using a firearm during a crime of violence. On appeal, he raises a sentencing issue, and preserves for future appeal the contention that the Hobbs Act is unconstitutional when applied to the commission of an individual, purely local robbery. Finding no reversible error, we affirm.

From a Guidelines range that, after much initial jockeying, would have yielded a sentence of 37-46 months on the robbery count, the district court departed upward to impose a 60-

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

month sentence. When this was added to the mandatory 60-month consecutive sentence for the firearm count, Martinez received a sentence of 10 years' imprisonment. He contends that the district court erred in applying an upward departure based on U.S.S.G. § 5K2.17, which suggests an upward departure if the defendant possesses "a high-capacity, semiautomatic firearm in connection with a crime of violence. . ." The section also suggests that the extent of any increase "should depend upon the degree to which the nature of the weapon increased the likelihood of death or injury in the circumstances of the particular case." Appellant contends that, although he used an AK-47 rifle during the offense, it was not a "high-capacity, semiautomatic firearm" referenced in the Guideline, and furthermore, his use of the weapon did not significantly increase the risk of harm, as the Policy Statement to that Guidelines requires. See U.S.S.G. App. C, Amend. 531.

Whether the AK-47 falls within this Guideline, it is argued, may depend upon the size of the magazine it carried. If the magazine had the capacity to hold more than 10 cartridges, it would qualify, but if it had only a five cartridge capacity, it would not. This factual issue is not settled in the record. No case law further elaborates on the definition of a high-capacity, semiautomatic firearm. The government's brief seems to assume, with common sense to back it up, that an AK-47 is, inherently, the type of weapon contemplated by this Guideline.

Ultimately, however, this issue is not critical to affirming the departure. The district court relied not only on

2

section 5K2.17, but also on the "multiple carjacking-type behavior" that was involved in the defendant's crime.  Under the Guidelines, a court may depart upward if it finds the existence of an aggravating circumstance that was not adequately taken into consideration by the Guidelines.  18 U.S.C. § 3553 (b).  This court affirms an upward departure if the district court gives acceptable reasons for departing, and the extent of the departure (not here contested) is reasonable.  United States v. Nevels, 160 F.3d 226, 229 (5th Cir. 1998), (cert. denied, ____ U.S. ____, 119 S.Ct. 1130 (1999).  Finally, even if the district court erred or abused its discretion in departing upward based upon section 5K2.17, a remand will not be required if this court determines that the district court would have imposed the same sentence without relying upon this factor.  Koon v. United States, 518 U.S. 81, 113 (1996); *see also* Williams v. United States, 503 U.S. 193, 203 (1992).

The Koon/Williams rationale is fully dispositive here. Martinez's and his cohorts' armed robbery of Renters Choice, Inc., an appliance and equipment rental business located in San Antonio, was particularly egregious.  The robbers terrorized the victims while they stole the company cash, made one of the victims partially disrobe, and systematically took business merchandise and loaded it into several vehicles.  Not only did the robbers take an employee's Hyundai, but they also stole one of the business's delivery trucks by appropriating the keys at gunpoint, to haul off more merchandise.  The district court was legitimately repelled by this drawn-out, highly intimidating sequence of events, and the

3

court specifically focused on the multiple carjacking-type behavior in awarding the upward departure.

Contrary to appellant's argument, it seems obvious that this behavior alone warranted the moderate, 13-month upward departure. Martinez does not suggest that such a departure was legally inappropriate, but only that "these facts do not constitute the very threatening and personal form of car theft in a typical carjacking offense." We disagree. Because we are convinced that the court was fully entitled to, and would have departed upward based solely on the extreme circumstances of the offense, we do not need to explore the status of the AK-47 alone.

The sentence and judgment of the district court are **AFFIRMED**.