**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 00-10072**
_____

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**DONALD GENE BROOKS,**

**Defendant-Appellant.**

**Appeal from the United States District Court**
**for the Northern District of Texas**
**(3:99-CR-311-ALL-H)**

December 13, 2000

Before BARKSDALE, EMILIO M. GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Pursuant to a plea agreement, Donald Gene Brooks pleaded guilty to one count of securities fraud. Departing upward six levels, the district court sentenced Brooks to the statutory 60 months maximum. We **VACATE** and **REMAND**.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

From 1992 to 1999, Brooks fraudulently induced others to invest in an "Interim Church Loan Fund" through Brooks' business, Brooks Financial Planning, Inc. Brooks diverted and misapplied the funds and concealed his actions.

The presentence report (PSR) identified 31 victims, with losses totaling more than $1.3 million. Most of them were elderly, many were widowed, and many were on fixed incomes. They knew Brooks as a minister; he had officiated at some of the victims' spouses' funerals and one wedding. The PSR excerpted victims' statements describing the emotional and financial impact of the fraud and the pain of Brooks' betrayal.

The PSR applied the sentencing guideline for fraud, § 2F1.1, and assigned a base offense level of six. U.S.S.G § 2F1.1. That level was increased by 11, because the loss amount exceeded $800,000, but *not* $1.5 million, *see* U.S.S.G. § 2F1.1(b)(1)(L), and by two, because the offense involved more than minimal planning and was a scheme to defraud more than one victim. U.S.S.G. § 2F1.1(b)(2).

The offense level was increased by two, because Brooks abused a position of private trust and used his special skills to significantly facilitate the fraud. U.S.S.G. § 3B1.3. But, a three-level downward adjustment was recommended for acceptance of responsibility. U.S.S.G. § 3E1.1(a), (b)(1) & (2).

2

Based on the resulting offense level of 18 and criminal history category of I, Brooks' guideline range was 27 to 33 months. *See* U.S.S.G. ch. 5, pt. A. The maximum term of imprisonment was five years. *See* 15 U.S.C. §§ 77q(a), 77x.

The PSR noted that upward departure might be warranted pursuant to both § 5K2.3, for extreme psychological injury to the victims, and § 5K2.5, for property loss *not* taken into account by the Guidelines. U.S.S.G. §§ 5K2.3, 5K2.5. Brooks objected to these bases.

A resulting PSR addendum stated that, in addition to the possible §§ 5K2.3 and 5K2.5 upward departure, the court could consider it under the comment to §2F1.1: "where the loss determined significantly understates the seriousness of defendant's conduct". The addendum stated the court could also rely on **United States v. Nevels**, in considering an upward departure based on egregious conduct, noting that in **Nevels**, the district court departed upward seven levels pursuant to § 5K2.0, which authorizes a departure based on a "combination of factors". *See* **United States v. Nevels**, 160 F.3d 226, 230 (5th Cir. 1998), *cert. denied*, 525 U.S. 1185 (1999). However, the addendum did *not* specifically describe the applicable factors.

On 28 December 2000, the district court advised the parties it was considering an upward departure. *But, its order did not specify the basis for it.*

3

Brooks objected to the PSR addendum, again urging upward departure was *not* warranted under §§ 5K2.3 or 5K2.5. He also referenced the "combination of factors" basis for upward departure, and quoted the last paragraph of the comment to § 5K2.0, which notes: a sentence outside the guideline range is *not* authorized unless the case is atypical; and dissatisfaction with the available range is *not* an appropriate departure basis. *See* U.S.S.G. § 5K2.0, cmt.

Sentencing was held the same day Brooks received a second PSR addendum. It stated upward departure was warranted because several factors were *not* adequately accounted for by the Guidelines, including: extreme psychological harm; length of fraudulent behavior; victims' age; their close relationship with Brooks; his role as minister to them; and knowing endangerment of their solvency.

At the hearing, Brooks asserted: the upward departure grounds delineated in the second addendum were new; and he had *not* had an opportunity to consider them. He contended he was prepared only to address the two grounds specified in the original PSR — extreme psychological harm and property loss.

The district court disagreed:

> I think I was entitled to assume and I did
> assume that you had briefed the question of
> what would support an upward departure
> request.... And I think you ought to come
> today, regardless of what was in [the PSR]
> addendum, prepared to discuss any and all

4

aspects of the upward departure situation. So
I deny the request for delay.

The district court then identified the factors it was considering to support upward departure: length of fraudulent behavior; victims' age; close relationship with Brooks; number of victims and their losses; knowing endangerment of victims' solvency; and degree of planning required to perpetuate the fraud. The court stated that psychological harm was *not* a factor.

The district court adopted the findings in the PSR, and held upward departure warranted. It departed six levels to an offense level of 24, resulting in a sentencing range of 51 to 63 months. Brooks was sentenced to the 60 months statutory maximum and ordered to make restitution of approximately $1.3 million.

## II.

Brooks maintains: (1) the district court failed to provide reasonable notice of its upward departure grounds; (2) it erred by departing upward, instead of applying the vulnerable victim guideline enhancement; (3) it erred in denying his request to review victims' letters excerpted in the PSR; and (4) the Government breached the plea agreement. Because we are remanding for resentencing (first issue), we do *not* reach whether an upward departure is proper (second issue). But, to frame the resentencing, we do reach the third (victims' letters) and fourth (breach of plea agreement) issues.

### A.

Concerning claimed lack of reasonable notice of the upward departure grounds, and because Brooks so objected in district court, we review *de novo*. ***United States v. Pankhurst***, 118 F.3d 345, 356-57 (5th Cir.), *cert. denied*, 522 U.S. 1030 (1997) (no plain error review where sufficient lack-of-notice objection).

A sentencing court must provide the parties an opportunity to comment on matters relating to the appropriate sentence. FED. R. CRIM. P. 32(c)(1). ***Burns v. United States***, 501 U.S. 129, 138-39 (1991) (emphasis added), held:

> [B]efore a district court can depart upward on a ground *not* identified as a ground for upward departure either in the presentence report or in a prehearing submission by the Government, Rule 32 requires that the district court give the parties *reasonable notice* that it is contemplating such a ruling. *This notice must specifically identify the ground on which the district court is contemplating an upward departure.*

The notice should be sufficient to satisfy "Rule 32's purpose of promoting focused, adversarial resolution of the legal and factual issues relevant to fixing Guidelines sentences". ***United States v. Milton***, 147 F.3d 414, 421 (5th Cir. 1998) (quoting ***Burns***, 501 U.S. at 137).

The Government responds: citation to ***Nevels*** and § 5K2.0 in the first PSR addendum sufficiently apprised Brooks of the "combination of factors" basis for departure; he had adequate notice of the facts on which the upward departure was based and did *not* object to

them; and, early in the sentencing hearing, the district court further alerted Brooks to the factors it was considering.

Although the facts on which the district court relied are found in the original PSR and the "combination of factors" departure basis was stated in the first PSR addendum, the addendum did *not* describe the factors justifing § 5K2.0 departure. Brooks did *not* receive, until the day of sentencing, notice of the combination of factors on which the district court relied in upwardly departing.

Upward departure notice must be sufficient to avoid placing defense counsel in the position of "trying to anticipate and negate every conceivable ground on which the district court might choose to depart on its own initiative". *Milton*, 147 F.3d at 421 (quoting *Burns*, 501 U.S. at 137). "Because the Guidelines place essentially no limit on the number of potential factors that may warrant a departure ... no one is in a position to guess when or on what grounds a district court might depart, much less to 'comment' on such a possibility in a coherent way". *Burns*, 501 U.S. at 136-37.

By requiring Brooks to be "prepared to discuss any and all aspects of the upward departure situation", Brooks was in the position of having to anticipate the grounds on which the court might depart. Therefore, the notice was unreasonable. *Cf.* *Milton*, 147 F.3d at 419-21 (under plain error review, notice adequate because, at hearing *one month before sentencing*, district court

7

advised defendant of intention to accept evidence on factor on which upward departure based); *United States v. Clements*, 73 F.3d 1330, 1341 (5th Cir. 1996) (notice reasonable because district court faxed notice of intention to consider upward departure, identified factual basis for departure at sentencing hearing the next day, and *rescheduled sentencing for six days later*); *United States v. Bachynsky*, 949 F.2d 722, 733-34 (5th Cir. 1991), *cert. denied*, 506 U.S. 850 (1992) (notice adequate because defendant apprised by PSR addendum *seven days prior to sentencing* of specific upward departure grounds relied on).

Because Brooks was *not* given an opportunity to comment consistent with Rule 32, we **VACATE** the sentence and **REMAND** for resentencing, including giving Brooks and the Government notice and an opportunity to respond to, and otherwise comment on, the noticed possible grounds for departure. *See Pankhurst*, 118 F.3d at 358. (Brooks suggests that, if his case is so remanded, it be assigned to a different judge. He falls *far* short of showing reassignment is warranted. *See United States v. Winters*, 174 F.3d 478, 487-88 (5th Cir.), *cert. denied*, 120 S. Ct. 409 (1999).)

B.

Brooks claims the court violated Rule 32 and his due process rights by denying his request for copies of the victims' letters. We review *de novo.* *United States v. Myers*, 150 F.3d 459, 461 (5th Cir. 1998).

8

Rule 32 protects the right to due process by requiring disclosure of most information relied on at sentencing. *See* FED. R. CRIM. P. 32(c)(3)(A). If the district court receives information that is excluded from the presentence report under Rule 32(b)(5), it is required to summarize the information in writing *if* it is to be relied on at sentencing. FED. R. CRIM. P. 32(c)(3)(A).

The court relied primarily on 18 U.S.C. §§ 3663 and 3664 in denying Brooks' request. These statutes pertain to restitution to victims of certain crimes and the procedure for the issuance and enforcement of such orders. In particular, § 3664(d)(4) provides:

> After reviewing the report of the probation officer, the court may require additional documentation or hear testimony. *The privacy of any records filed, or testimony heard, pursuant to this section shall be maintained to the greatest extent possible, and such records may be filed or testimony heard in camera.*

18 U.S.C. § 3664(d)(4) (emphasis added).

Brooks does *not* assert that § 3664(d)(4) did *not* authorize his being denied access to the letters. In fact, he does *not* address the statute's applicability. Moreover, he has *not* shown why the PSR summaries of the letters do *not* satisfy Rule 32(c)(3)(A).

Instead, Brooks maintains the court violated his due process right to be sentenced on information that is neither false nor materially incorrect. However, he has made *no* showing that the information excerpted from the letters and relied on by the

district court is false or materially incorrect. *See United States v. Davis*, 76 F.3d 82, 84 (5th Cir. 1996) ("The defendant bears the burden of demonstrating that information the district court relied on in sentencing is materially untrue." (internal quotation and citation omitted)).

The district court did *not* violate Rule 32 or Brooks' due process rights by denying his request for copies of the victims' letters.

C.

Finally, Brooks contends that the Government breached the plea agreement by failing to recommend his being sentenced within the guideline range stipulated by the parties. We review only for plain error, because Brooks did *not* raise this issue at sentencing. (On appeal, he requests specific performance of the agreement; he does *not* request withdrawal of his guilty plea. *Cf. United States v. Palomo*, 998 F.2d 253, 256 (5th Cir.), *cert. denied,* 510 U.S. 937 (1993).)

The plea agreement provided the parties would stipulate to a calculation of the maximum potential guidelines; although *not* binding on the district court, the stipulated guidelines were the same as set forth in the PSR. The agreement also stated: "The sentence in this case will be imposed by the Court. There is *no* agreement as to what that sentence will be". (Emphasis added.) The agreement did *not* obligate the Government to take any action on

10

Brooks' behalf in the event of an upward departure.  There is *no* error, much less plain error.

III.

For the foregoing reasons, we **VACATE** the sentence and **REMAND** for re-sentencing.

*VACATED AND REMANDED*