UNITED STATE COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11126
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LARRON BIRDWELL,

Defendant-Appellant.

On Appeal from the United States District Court,
Northern District of Texas
USDC No. 4:01-CR-45-3-A

April 22, 2002

Before REYNALDO G. GARZA, SMITH, and PARKER, Circuit Judges

REYNALDO G. GARZA, Circuit Judge:[1]

Larron Birdwell pleaded guilty pursuant to a plea agreement to conspiring to fraudulently use identities. Birdwell and others fraudulently used another individual's name to purchase Circuit City gift cards, which were ultimately put towards the purchase of large screen televisions. In addition, Birdwell opened a fictitious bank account using yet another person's name and cashing several thousand dollars' worth of bogus checks.

_____

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

The presentence report (PSR) detailed a scheme in which Birdwell and his associates burglarized homes and automobiles in order to steal the victims' identities, with which they then opened bank accounts and obtained credit cards. Twenty-eight identified victims sustained economic losses totaling $87,968.20.

Included in an addendum was a statement from one of the victims, Pam Brophy, detailing how her terminally ill husband was barraged with phone calls at all hours of the day from credit people. She mentioned that her credit had been ruined and that she had been forced to miss much work.

The district court noted that an upward departure might be warranted and ordered the Government to compile a report regarding information from other victims. This report included statements from several victims detailing the magnitude of the harm suffered. One victim, a legal alien, was afraid that if her identification were used in criminal activity she would be deported. Other victims told of ruined credit ratings and the humiliation of not being able to obtain credit cards. An 82-year-old widow, whose accounts were being "drained $4,000 almost daily," had a slight stroke after discovering the withdrawals while reading her bank statement. R. 1, 87.

The district court found that the offense "caused and risked reasonably foreseeable nonsubstantial and nonmonetary harm in a very significant way," and that Birdwell's conduct had caused reasonably foreseeable physical and psychological harm or severe emotional trauma to several of the victims. R.5, 63-65. In addition, the district court found that the loss was understated as some loss information could not be obtained from many of the victims.

Birdwell was sentenced to 27 months' imprisonment, a three-year term of supervised relief, $91,717.86 worth of restitution, and a $100 special assessment.

Birdwell argues that the district court abused its discretion in upwardly departing from the sentencing guidelines because the factual finding that the victims suffered psychological harm or severe emotional trauma was not supported by the record. A district court's departure from the sentencing guidelines is reviewed for an abuse of discretion. *See Koon v. United States*, 518 U.S. 81, 98 (1996); *United States v. Nevels*, 160 F.3d 226, 229 (5th Cir. 1998). The decision that the departure factors were sufficient enough to remove the case from the "heartland" of the applicable guidelines must be accorded "substantial deference" because of a trial court's "special competence" in determining what is ordinary and what is atypical. *United States v. Threadgill*, 172 F.3d 357, 376 (5th Cir. 1999).

A district court must impose a sentence within the applicable guideline range if it finds the case typical of the sort envisioned by the guidelines, but if it finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines," it may depart from the applicable guidelines. 18 U.S.C. § 3553(b). Specifically, in *Koon*, the Supreme Court noted the following questions that a court should address when considering an upward departure from the guidelines: 1) what features of this case take it outside of the Guideline's "heartland" and make it special or unusual? 2) has the Sentencing Commission forbidden departures based on those features? 3) if not, has the Sentencing Commission encouraged departures based on those features? 4) if not, has the Sentencing Commission discouraged departures based on those features. *See Koon,* 518 U.S. at 95.

3

Birdwell contends that there was no evidence of psychological harm like that detailed in U.S.S.G. § 5K2.3 (extreme psychological injury), but this ignores the commentary following §2F1.1, which allows an upward departure when the loss does not fully capture the harmfulness or seriousness of the conduct. Relevant examples, as the district court noted, include fraud that caused or risked reasonably foreseeable, substantial non-monetary harm or caused reasonably foreseeable physical or psychological trauma. *See* § 2F1.1, comment.

In *United States v. Wells*, 101 F.3d 370 (5th Cir. 1996), a case involving credit card fraud, we held that the district court could have reasonably found that victims' harm and trauma, which involved arrests, warrants, court appearances, forgery charges, and credit difficulties, to be sufficiently unusual to remove the case from the heartland of the applicable guideline. *See id*. at 372-74.

Birdwell's argument that the record does not support a finding that the victims suffered psychological harm is premised on cases from other circuits. In light of *Wells*, however, the district court could have reasonably concluded that the victims' travails, including substantial inconvenience, credit difficulties, and psychological harm, removed the case from the guideline's heartland, making the three-level upward departure appropriate.

AFFIRMED.