

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-7-2002

# USA v. Saxton

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1326

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Saxton" (2002). *2002 Decisions*. Paper 709.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/709

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 02-1326

_____

UNITED STATES OF AMERICA

v.

SUE ELLEN SAXTON,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania.
(Criminal Action No. 1:01-CR-58-1).
District Judge: Judge William W. Caldwell

_____

Submitted Under Third Circuit LAR 34.1(a)
October 28, 2002

_____

Before NYGAARD, GARTH, and MICHEL,[1] Circuit Judges

(Opinion Filed: November 7, 2002)

_____

[1] The Honorable Paul Redmond Michel, United States Court of Appeals, Federal
Circuit, sitting by designation.

1

———————

OPINION

———————

GARTH, <u>Circuit Judge</u>:

Appellant Sue Ellen Saxton appeals the district court's judgment of sentence. The district court had ordered an upward departure from the Sentencing Guidelines and assessed restitution for losses which Saxton challenged.

We affirm.

## I.

Because we write solely for the benefit of the parties, we recount the facts and procedural history of the case only as they are relevant to the following discussion.

In 1979, Sue Ellen was elected Prothonotary and Clerk of Courts for Mifflin County, Pennsylvania, an office she held until August 2000. An investigation revealed that throughout her twenty-year career, she embezzled funds collected in the normal course of business and converted these funds for the personal use of herself and her husband, Frederick Saxton.[2] On February 21, 2001, the Government filed an Information charging Sue Ellen and Frederick with one count for violation of 18 U.S.C. § 371 (conspiracy) involving: the embezzlement of money from a program receiving federal funds, 18 U.S.C. §

———————

[2] *United States v. Frederick E. Saxton* appeal No. 01-1328 is based on the same facts related herein. A separate opinion resolving that appeal will be filed.

666(a)(1)(A); the transportation of stolen money in interstate commerce, 18 U.S.C. § 2314 and the receipt of stolen money which has crossed a state or United States boundary, 18 U.S.C. § 2315. The Information charged that the conspiracy began in or around January 1993 and continued to at least April 2000.

On January 23, 2001, Sue Ellen pled "guilty" before the district court to the one count of conspiracy, in violation of 18 U.S.C. § 371. As part of the plea agreement, she agreed that the amount of the loss to all victims as a result of her conduct was more than $800,000, but less than $1,500,000 and she agreed to make full restitution as determined by the district court.

The district court held a sentencing hearing on January 18, 2002. Among other things, it determined that the Sentencing Guidelines which provided for an offense level of 21 (which under Criminal Category I provides for a range of 37 to 46 months of incarceration) should be increased three levels to level 24 (which under Criminal Category I provides for a range of 51 to 63 months of incarceration). The district court found that this upward departure was warranted under (1) U.S.S.G. § 5K2.0 because the value used to calculate the sentence under the guidelines did not capture the aggregate harm of Sue Ellen's actions and under (2) U.S.S.G. § 5K2.7 because her embezzlement of public funds over twenty years caused a significant disruption of a governmental function.[3] The district

---

[3] Section 5K2.7 provides, in relevant part, "[i]f the defendant's conduct resulted in a significant disruption of a governmental function, the court may increase the sentence above the authorized guideline range to reflect the nature and extent of the disruption and the importance of the governmental function affected." U.S.S.G. § 5K2.7.

court also determined that the amount of restitution was to be calculated based on the period of time from 1980 to 2000–the period of Sue Ellen's entire tenure as a Prothonotary. The amount of restitution ordered by the district court was $995,930.90.

Accordingly, the district court sentenced Sue Ellen to a 60-month term of incarceration, the statutory maximum under 18 U.S.C. § 371, followed by three years supervised release, a $100 special assessment and restitution in the amount of $995,930.90 ($741,444.81 plus $254,486.09[4]) to be paid by Sue Ellen, jointly and severally with her husband, Frederick. *See* note 2, *supra*. In ordering restitution in that amount the district court added to the $741,444.81 monies taken by Sue Ellen from 1993 to 2000 another $254,486.09 representing additional losses from January 1, 1980 to December 31, 1992.

Sue Ellen objected to the upward departure and the $995,930.90 restitution. At sentencing, the district court overruled both objections. In denying Sue Ellen's objection to the upward departure, the district court stated that the value used in calculating her sentence under the guideline failed to capture the extensive harm that she caused because the embezzlement of public funds over an approximate twenty-year period caused significant disruption of a governmental function. The district court also stated that the value used to calculate the guideline failed to capture the additional expenses that have been incurred, as well as the intangible harm from her conduct–the public's loss of trust in

---

[4] A second audit for the period of January 1, 1980 through December 31, 1992 revealed additional losses of $254,486.09.

public officials. In denying Sue Ellen's objection to the restitution amount, the district court ruled that under the plea agreement she had agreed to satisfy in full the restitution ordered by the court.

This timely appeal followed.

## II.

We have jurisdiction to hear Sue Ellen Saxton's appeal of the application of U.S.S.G. § 5K2.0 pursuant to 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We review a district court's departure ruling for abuse of discretion. *Koon v. United States*, 518 U.S. 81, 100, 116 S. Ct. 2035, 2047 (1996). We review the district court's determination of the amount of restitution for clear error. *United States v. Akande*, 200 F.3d 136 (3d Cir. 1999).

Sue Ellen has two arguments on appeal. First, she claims that the district court erred in imposing a three level upward departure because the guideline offense level which provided for a 13 level increase for embezzlement for more than $800,000 but less than $1,500,000 fully accounted for the additional financial losses that the district court assessed. Second, she contends that the district court erred in holding her liable for an additional $254,486.09 of restitution to account for losses from January 1, 1980 through December 31, 1992 because those monies reflect losses for a period not charged in the Information and because her plea agreement to make "full restitution" was ambiguous.

## A.

The Sentencing Guideline Section 5K2.0 provides, in relevant part, that "the sentencing court may impose a sentence outside the range established by the applicable

5

guidelines, if the court finds 'that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.'"

Sue Ellen argues that the district court erred in imposing a 3 level upward departure under U.S.S.G. § 5K2.0 because the guideline offense level applied in her case fully accounted for the additional financial losses of $254,486.09 during the period from January 1, 1980 to December 31, 1992. Saxton claims that because she was sentenced under Sentencing Guideline § 2B1.1(b)(1)(N) (2000)[5], which provides an offense level of 13 for losses of more than $800,000 but less than $1,500,000, the district court could not depart upward another 3 offense levels in as much as the $995,930.90 which the district court ordered for restitution was well within the thirteen offense level range. Saxton maintains that the guideline offense level under § 2B1.1 also fully accounts for the additional losses for auditing, increased insurance premiums and taxes referenced in the Presentence Report ("PSR"). She does not contest the upward departure pursuant to § 5K2.7 (disruption of a government function). Saxton further claims that the government cannot meet its burden of showing that the district court's error was harmless.

Saxton's argument is without merit. The Supreme Court has stated that the Sentencing Commission has not fully accounted for situations where the loss determined

---

[5] The 2000 edition of the Guidelines Manual has been used in this case.

fails to fully capture the harmfulness of the conduct. *Koon,* 518 U.S. at 94, 116 S. Ct. at 2045 (citing U.S.S.G. § 5K2.0). Indeed, the Commentary to Section 2B1.1, used to calculate the offense level here, explains that an upward departure may be appropriate "[i]n cases where the loss determined . . . does not fully capture the harmfulness of the conduct." U.S.S.G. § 2B1.1, Commentary, Application Note 14. Accordingly, in applying § 2B1.1, courts have made upward adjustments based upon intangible losses such as were experienced in Saxton's case. *See e.g., United States v. Robie*, 166 F.3d 444, 455 (2d Cir. 1999) (theft of commemorative stamps caused the "real and intangible loss in the form of embarrassment and the appearance of incompetence inflicted on the Postal Service . . . ."); *United States v. Nevels*, 160 F.3d 226, 230-31 (5th Cir. 1998), *cert. denied*, 525 U.S. 1185 (1999) (value of funds stolen does not fully capture harmfulness of defendant's "egregious" conduct in stealing social security checks and using false identification to negotiate them).

Similarly, in this case, the district court exercised its discretion and determined that an upward departure was warranted because the financial loss calculation based on Saxton's embezzlement failed to adequately reflect the intangible, non-monetary harm caused by her theft, namely, the loss of public confidence and trust in elected officials. Accordingly, the district court did not abuse its discretion in determining Saxton's sentence based on an upward departure under U.S.S.G. § 5K2.0.

**B.**

The Mandatory Victims Restitution Act ("MVRA") limits recovery to amounts

7

"directly caused by the conduct composing the offense of conviction," or "those amounts

expressly agree[d] to" pursuant to a plea agreement. *United States v. Akande*, 200 F.3d at

139 n.3 (3d Cir. 1999) (citing *Silkowski*, 32 F.3d 682, 689 (2d Cir. 1994)). *See* 18 U.S.C.

3663A.[6]

---

[6] This statute, entitled "Mandatory restitution to victims of certain crimes," was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996. *See* Mandatory Victims Restitution Act of 1996, Pub. L. No. 104-132, tit. II, subtit. A, § 204(a), 110 Stat. 1214, 1227-29 (1996). It provides, in pertinent part:

(a)(1) Notwithstanding any other provision of law, when sentencing a defendant convicted of an offense described in subsection (c), the court shall order, in addition to, or in the case of a misdemeanor, in addition to or in lieu of, any other penalty authorized by law, that the defendant make restitution to the victim of the offense or, if the victim is deceased, to the victim's estate. (2) For the purposes of this section, the term "victim" means a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern.

. . . . .

(c)(1) This section shall apply in all sentencing proceedings for convictions of, or plea agreements relating to charges for, any offense--
(A) that is--
(i) a crime of violence, as defined in section 16;
(ii) an offense against property under this title, or under section 416(a) of the Controlled Substances Act (21 U.S.C. 856(a)), including any offense committed by fraud or deceit; or
(iii) an offense described in section 1365 (relating to tampering with consumer products); and
(B) in which an identifiable victim or victims has suffered a physical injury or pecuniary loss.

Sue Ellen presents two arguments on appeal. First, she argues that the district court erred in holding that she is liable for an additional $254,486.09, to account for losses from January 1, 1980 through December 31, 1992, for a total amount of $995,930.90, instead of for the period covered in the Information, January 1, 1993 through April 30, 2000, totaling $741,444.81. Saxton relies on our decision in *Akande*, 200 F.3d 136, in support of her argument that a restitution order may not include losses caused by conduct that falls *outside* the temporal limits of the offense, as established by her guilty plea and the charging document, in this case, the Information. Moreover, Saxton claims that restitution for losses occurring during the charged time period constitutes full restitution. In support of this contention, she relies on *Silkowski*, 32 F.3d 682, for the proposition that a promise in a plea agreement to make "full restitution" did not permit restitution for losses outside the charged time period, where neither the express terms of the plea agreement nor defendant's admissions during the guilty plea colloquy obligated defendant to repay losses outside the temporal limits of the offense of conviction. *Silkowski*, 32 F.3d at 689.

Saxton's position is without merit. We have noted that although the offense of conviction is "temporally defined by the period specified in the indictment or information," the parties may agree in the plea agreement to amounts beyond such limitations. *Akande*, 200 F.3d at 139-40; *see also United States v. Mayer*, 130 F.3d 338, 340 (8th Cir. 1997) (noting that the loss stipulated in the plea agreement "delineates the outer limits" of the defendant's restitution liability). Saxton's reliance on *Silkowski* is misplaced because in that case, the plea agreement contained no reference to the loss calculated in the PSR and

9

relied upon by the district court in its restitution order. *Silkowski*, 32 F.3d at 689. Saxton's case is different because there was a specific reference to the amount of loss calculated in the PSR and relied upon by the district court and indeed, she agreed to that specific amount.

Second, she argues that the plea agreement was ambiguous in that her promise to make "full restitution" could have meant restitution for only the time period charged in the Information, or instead it could have meant restitution for the charged period plus her pre-charge misconduct. She further contends that there was ambiguity in the plea agreement's statement that "pursuant to the [MVRA] . . . the Court is required in all instances to order full restitution to all victims for the losses those victims have suffered as a result of the defendant's conduct" because there is nothing in the MVRA requiring restitution for pre-charge losses and also because it is unclear whether the "conduct" referred to is inclusive of the pre-charge conduct. We are not persuaded by Saxton's argument because there was no ambiguity–she explicitly agreed in her plea agreement to make full restitution in an amount between $800,000 and $1,500,000. Accordingly, the district court did not err in determining that Sue Ellen owed $995,930.90 in restitution.

## IV.

We will affirm the district court's judgment of sentence.

TO THE CLERK:

10

Please file the foregoing opinion.


/s/ Leonard I. Garth
Circuit Judge