United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 27, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-10892
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH EMUAGBONRIE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CR-315-ALL
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Joseph Emuagbonrie appeals his conviction and sentence for conspiracy to alter and aiding and abetting the alteration of United States Postal Money Orders.  Finding no reversible error, we affirm.

Emuagbonrie first contends that the evidence was insufficient to show that he was the purchaser of the 70 money orders that were later altered, because there was a lack of any physical evidence, such as fingerprints, cell phone records,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

handwriting samples, identifying information, or videotape surveillance, linking him to the money orders. We review under the familiar "rational jury" standard. See United States v. Villarreal, 324 F.3d 319, 322 (5th Cir. 2003). Adrienne Thomas, an employee at the Irving Post Office where the 70 money orders were purchased, testified that she was certain that Emuagbonrie was the purchaser. She recalled the transaction with clarity due to the unusual number of money orders, and she recognized Emuagbonrie from a previous transaction. Ms. Thomas resisted attempts by counsel on cross-examination to persuade her to admit that she could not be certain, stating repeatedly that she was "100 percent sure" that Emuagbonrie was the purchaser. The jury heard all the evidence and chose to believe that Thomas's eyewitness identification was credible, which was within its province. See United States v. Casilla, 20 F.3d 600, 602 (5th Cir. 1994).

Emuagbonrie next challenges the district court's decision to depart upward to 45 months from the guidelines range of 27 to 33 months. He asserts that the departure was not based on grounds not considered by the guidelines and was not supported by the evidence, that he did not receive prior notice, and that the court failed to give written reasons. Because Emuagbonrie raised none of the objections to the departure that he raises here, we review for plain error, and we will reverse only if we conclude that, absent the error, the district court would have imposed a

different sentence.  See United States v. Jones, 444 F.3d 440,
443 (5th Cir. 2006).

The district court did not err.  A district court may depart
upward if the guidelines range "substantially understates the
seriousness of the offense."  U.S.S.G. § 2B1.1, comment. (n.19).
The potential for significant non-monetary impact, particularly
the risk to the integrity of the United States Postal Service and
the effect on purchasers and those who accept such money orders,
were appropriate factors to consider and were supported by trial
testimony.  See, e.g., United States v. Nevels, 160 F.3d 226, 230
(5th Cir. 1998) (considering impact of theft of social security
checks on recipients); United States v. Robie, 166 F.3d 444, 455-
56 (2d Cir. 1999) (considering damage to Postal Service's
reputation).  Further, these specific grounds were not
encompassed within the Presentence Report's guidelines
calculations.  Although Emuagbonrie does not expressly contest
the extent of the departure, we conclude that it was reasonable
as it constituted only a 36 percent increase above the maximum of
33 months under the guidelines range.  See Jones, 444 F.3d at
433, 442 & n.62.

With respect to the lack of prior notice of the court's
intent to depart, Emuagbonrie does not argue that the lack of
notice prejudiced him in any way or that, if he had been given
notice, he would have been able to persuade the district court to
give him a lower sentence.  Thus, he has failed to show plain

error.  See id. at 443.  Finally, Emuagbonrie's contention that the district court failed to give written reasons for the departure is without merit.  The district court's written and signed Statement of Reasons setting forth the district court's rationale for the departure, although sealed, is part of the record and satisfies FED. R. CRIM. P. 32(h).  See United States v. Simkanin, 420 F.3d 397, 416-17 (5th Cir. 2005).

For the foregoing reasons, we affirm Emuagbonrie's conviction and sentence.

AFFIRMED.