# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 25, 2025

Lyle W. Cayce
Clerk

No. 24-20394

United States of America,

*Plaintiff—Appellee*,

*versus*

Palemon Taboada-Cruz,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:24-CR-122-1

_____

Before King, Smith, and Douglas, *Circuit Judges*.

Per Curiam:[*]

After Palemon Taboada-Cruz pleaded guilty to one count of illegal reentry, the district court found that his United States Sentencing Guidelines ("Guidelines") range was 0 to 6 months' imprisonment. The court departed upward, imposing a twenty-four-month sentence. The first basis for the departure was U.S.S.G. § 4A1.3, because of the inadequacy of Taboada-Cruz's criminal history category, which omitted two instances of prior

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

immigration offenses that did not result in convictions.  The second basis was U.S.S.G. § 5K2.21, because of Taboada-Cruz's uncharged criminal conduct for failing to register as a sex offender in Texas.  On appeal, Taboada-Cruz challenges the district court's upward departure based on his uncharged offense for failure to register as a sex offender.  We AFFIRM.

I

Taboada-Cruz is a citizen of Mexico.  In January 2006, he was convicted of felony sexual battery of a minor in Tennessee.  He received a sentence of two years' imprisonment, which was suspended for two years of probation, with thirty days to be served in custody.  In February 2006, law enforcement transferred Taboada-Cruz to immigration, where he was arrested for being an "illegal alien" and for entry without inspection.  He was not prosecuted for any immigration offense but was deported to Mexico in April 2006.  In June 2023, law enforcement found Taboada-Cruz in the United States, near San Diego, California, without having obtained permission for reentry.  Again, he was not prosecuted for any immigration offense but was deported to Mexico in July 2023.  For his instant offense, in February 2024, law enforcement found Taboada-Cruz in Houston, Texas, without permission for reentry.

A grand jury charged Taboada-Cruz with one count of illegal reentry after deportation and following a conviction for a felony offense, in violation of 8 U.S.C. § 1326(a) and (b).  Taboada-Cruz pleaded guilty without a plea agreement.  The pre-sentence investigation report ("PSR") placed him in Criminal History Category I and determined that his total offense level was four.  For Taboada-Cruz's criminal history, the PSR included: his 2006 conviction for felony sexual battery of a minor, in Tennessee; his 2006 charge for being an "illegal alien" and entry without inspection; and his 2023 charge

for illegal reentry. The PSR calculated Taboada-Cruz's Guidelines range as 0 to 6 months' imprisonment.

At the sentencing hearing, neither party objected to the PSR, and the district court adopted it without change. The court then heard from the parties. Taboada-Cruz's counsel argued that the court should "give little-to-no consideration to" Taboada-Cruz's failure to register as a sex offender in Texas, an offense for which he had "not been arrested, charged, nor convicted." The Government requested an upward departure to twenty-four months' imprisonment based on Taboada-Cruz's criminal history, including his prior felony conviction, illegal reentry charges, and failure to register as a sex offender.

The court departed upward under U.S.S.G. §§ 4A1.3(a) and 5K2.21 and imposed a twenty-four-month sentence, stating:

> The factors which warrant an upward departure, pursuant to Guideline [section] 4A1.3(a)(2)(E), which is inadequacy of criminal history category, [concerning] prior similar adult criminal conduct not resulting in a criminal conviction, and pursuant to Guideline [section] 5K2.21, which [is] dismissed [and] uncharged conduct, and considering his prior immigration offenses that did not result in criminal conviction and he was not charged and/or convicted of failure to register as a Texas sex offender, and that is the reason for that – the following – it's the judgment of the Court that the defendant is hereby sentenced to a term of 24 months.

Taboada-Cruz timely appealed. The sole issue raised on appeal is whether the district court erred by deciding that Taboada-Cruz's uncharged failure to register as a sex offender in Texas supported an upward departure under U.S.S.G § 5K2.21.

No. 24-20394

## II

We review a district court's departure from the Guidelines for abuse of discretion. *United States v. Hildreth*, 108 F.4th 912, 918 (5th Cir. 2024). "There is no abuse of discretion if the judge provides acceptable reasons for departure and the degree of departure is reasonable." *Id.* (quoting *United States v. Nevels*, 160 F.3d 226, 229–30 (5th Cir. 1998)).

## III

### A

Section 5K2.21 provides:

> The court may depart upward to reflect the actual seriousness of the offense based on conduct (1) underlying a charge dismissed as part of a plea agreement in the case, or underlying a potential charge not pursued in the case as part of a plea agreement or for any other reason; and (2) that did not enter into the determination of the applicable guideline range.

We have "interpret[ed] § 5K2.21 as requiring some degree of connection between uncharged and charged offenses, although even a remote connection will suffice." *United States v. Newsom*, 508 F.3d 731, 735 (5th Cir. 2007) (declining to adopt the First Circuit's "stringent reading" of § 5K2.21 as requiring that the uncharged conduct "relate meaningfully to the offense of conviction").

Taboada-Cruz argues that his uncharged failure to register as a sex offender "was not an acceptable reason for departure because, on this record, there was no evidence of a connection between [his] illegal reentry and his alleged failure to register." Taboada-Cruz notes that the PSR did not treat his failure to register as part of the instant offense for illegal reentry, and that the "Offense Conduct" section of the PSR does not mention the failure to

4

register. Moreover, Taboada-Cruz highlights a sentence from a brief—in an unpublished and distinct case—where the Government argued that a "failure-to-register offense embodies conduct severable from illegal reentry in time, place, and harmed societal interest." *United States v. Sanchez-Leija*, No. 23-20532, 2024 WL 3617303 (5th Cir. Aug. 1, 2024) (Appellee Br. at *19).

The Government counters that the district court properly departed upward under § 5K2.21 because Taboada-Cruz's uncharged offense for failure to register as a sex offender and his charged offense share a connection. The Government asserts that Taboada-Cruz's instant offense of illegal reentry after an aggravated felony conviction "was a continuing offense that occurred from when he illegally reentered the United States until law enforcement found him in Houston" because he was convicted under the "found in" prong of 8 U.S.C. § 1326(b). The Government further contends that, during the commission of this continuing offense, Taboada-Cruz committed his uncharged offense of failure to register as a sex offender in Texas, which establishes a sufficient nexus between the charged and uncharged crimes to support the district court's upward departure under § 5K2.21.

B

The Government has the stronger argument.

We have stated that § 1326(a)(2) "provides three separate occasions upon which a deported alien may commit the offense: 1) when he illegally enters the United States; 2) when he attempts to illegally enter the United States; or 3) when he is at any time *found in* the United States." *United States v. Santana-Castellano*, 74 F.3d 593, 597 (5th Cir. 1996) (emphasis added). Also, "[w]here a deported alien enters the United States and remains here with the knowledge that his entry is illegal, his remaining here until he is

No. 24-20394

'found' is a continuing offense because it is 'an unlawful act set on foot by a single impulse and operated by an unintermittent force.'" *Id.* at 598 (quoting *United States v. Midstate Horticultural Co.*, 306 U.S. 161, 166 (1939)). Here, Taboada-Cruz was charged with the underlying immigration offense after being "found in" Houston without permission for reentry. Therefore, the Government is correct that Taboada-Cruz's charged conduct constituted a continuing offense up until law enforcement discovered him in Houston. *See id.*

Considering our precedent that "even a remote connection" between uncharged and charged offenses "will suffice," a low bar has been set for the level of relatedness required to justify an upward departure under § 5K2.21. *Newsom*, 508 F.3d at 735. Having determined that Taboada-Cruz's charged offense for illegal reentry was a continuing offense up until the time he was discovered in Houston, the fact that he committed the uncharged offense of failure to register as a sex offender contemporaneously with the charged offense establishes the requisite nexus for an upward departure.[1] *See id.*

## C

Taboada-Cruz's reference to the Government's statement in a response brief filed in *Sanchez-Leija* is unpersuasive because that case involves a different legal issue and standard. There, the defendant challenged the fifty-seven-month sentence imposed on him following his

---

[1] Although only a "remote connection" is required, the link between Taboada-Cruz's charged and uncharged conduct is further strengthened by the fact that the predicate crime (sexual battery of a minor) for his charged offense of illegal reentry following an aggravated felony conviction formed the basis for his requirement to register as a sex offender. *Cf. United States v. Henriquez-Gomez*, 853 F. App'x 962, 963 (5th Cir. 2021) (affirming an upward departure under § 5K2.21 for uncharged conduct relating to discharge of a firearm for a conviction for possession of a firearm by an undocumented person).

guilty-plea conviction for illegal reentry by a previously deported "alien" after an aggravated felony offense. *Sanchez-Leija*, 2024 WL 3617303, at *1. In maintaining that the district court erred in assessing three criminal-history points for his state conviction for failure to register as a sex offender, the defendant asserted that his commission of that offense was to avoid detection in the United States, and therefore was "relevant conduct" under U.S.S.G. § 1B1.3 rather than a separate offense.[2] *Id.* He also asserted that, because the failure-to-register offense did not qualify for criminal-history points, the court erred in enhancing his offense level. *Id.* The Government contended that the district court did not plainly err by concluding that the appellant's failure-to-register offense was not relevant conduct for his illegal-reentry conviction because it "embodies conduct severable from illegal reentry in time, place, and harmed societal interest." *Id.* (Appellee Br. at *19).

Differently, in the present case, the Government argues that the district court did not abuse its discretion by departing upward under § 5K2.21 after concluding that Taboada-Cruz's failure-to-register offense had "some degree of connection" to his instant illegal-reentry conviction. *See Newsom*, 508 F.3d at 735. The Eighth Circuit has instructively explained the differences between relevant conduct under § 1B1.3 and uncharged conduct under § 5K2.21 in this context: "In deciding whether to depart from the applicable Guidelines range, the district court is not limited to

---

[2] Section 4A1.1(a) of the Guidelines instructs sentencing courts to add three criminal history points "for each prior sentence of imprisonment exceeding one year and one month." In this context, "prior sentence" means "any sentence previously imposed upon adjudication of guilt . . . for conduct not part of the instant offense." U.S.S.G. § 4A1.2(a)(1). Conduct is considered "part of the instant offense" if it is "relevant conduct to the instant offense" under the provisions of U.S.S.G. § 1B1.3, *id.* cmt. n.1, which means the conduct "occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S.S.G. § 1B1.3 (a)(1).

considering 'relevant conduct' as defined in U.S.S.G. § 1B1.3." *United States v. Rogers*, 423 F.3d 823, 828 (8th Cir. 2005). Rather, "the court may consider, without limitation, any information concerning the background, character[,] and conduct of the defendant, unless otherwise prohibited by law," *id.* (quoting U.S.S.G. § 1B1.4), and "[t]he permissible range of information includes dismissed or uncharged criminal conduct," *id.* (quoting U.S.S.G. § 5K2.21). Given the distinction between the legal issues in *Sanchez-Leija* (whether an offense was "relevant conduct" under § 1B1.3 such that an enhancement and the addition of three criminal history points was proper) and the instant case (whether there was a sufficient connection between a charged an uncharged offense such that un upward departure under § 5K2.21 for the uncharged offense was proper), Taboada-Cruz's reference to the Government's position in the former does not carry weight.

Accordingly, we hold that the district court did not exceed its discretion by determining that Taboada-Cruz's uncharged crime for failure to register as a sex offender supported an upward departure under § 5K2.21.[3]

IV

For the above reasons, we AFFIRM.

---

[3] Given this holding, we need not reach Taboada-Cruz's alternative argument that the allegedly erroneous departure was not harmless.