**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 00-10572
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARY LANDON DAVENPORT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
_____

March 14, 2002

Before POLITZ, STEWART, and CLEMENT, Circuit Judges.

CLEMENT, Circuit Judge:

Gary Landon Davenport appeals his sentence for securities fraud and using a post office box in furtherance of a scheme to defraud. He argues that the district court made an improper upward departure in sentencing him to twenty years imprisonment and that the government breached his plea agreement. Finding no error, we affirm.

I.

On January 21, 2000, Gary Davenport pled guilty to devising a fraudulent estate planning service targeted at elderly victims. The scheme, which began in October 1992, involved inducing senior citizens to liquidate legitimate investments and put their life

savings in Davenport's sham company, Southwest Family Trust Service ("Southwest"). In June 1996, the Texas State Bar obtained an injunction shutting down Southwest for engaging in the unauthorized practice of law; but rather than cease his activities, Davenport changed the name of his business to Liberty Marketing Service and continued swindling investors for more than two years. Davenport admitted that he cheated at least 65 elderly individuals out of more than $2 million.

In connection with Davenport's plea agreement, the government stipulated that a guideline range of 87 to 108 months imprisonment would sufficiently penalize Davenport's conduct. After reviewing the pre-sentence investigation report ("PSR") prepared by the probation office, the district court concluded that the appropriate guideline range was 70 to 87 months. However, finding that the guidelines did not fully recognize the gravity of Davenport's offense, the court determined that an upward departure was appropriate and imposed consecutive sentences of 60 months on Count 1 and 180 months on Count 2, for a total of 240 months imprisonment. The court also imposed a three year term of supervised release and ordered restitution in the amount of $2,605,936.00.

## II.

Davenport appeals his sentence, urging that the district court failed to notify him of its intent to depart upward, that the court lacked proper grounds for departure, that the departure was

excessive, and that the government breached his plea agreement by failing to recommend a shorter sentence.  We find these objections without merit and affirm.

Federal Rule of Criminal Procedure 32 gives the defendant and the government an opportunity to comment on the probation officer's determinations and other matters at sentencing.  *See* FED. R. CRIM. P. 32(c)(West 2002).  In <u>Burns v. United States</u>, 501 U.S. 129, 138 (1991), the Supreme Court construed Rule 32 to require a district court, before sentencing, to notify the defendant of its intent to depart upward and to identify the grounds for the possible departure.  Davenport argues that the district court failed to comply with either of these requirements.  Because he neither objected to the lack of notice at sentencing nor moved for a continuance, we review for plain error.  *See* <u>United States v. Milton</u>, 147 F.3d 414, 420 (5th Cir. 1998).

The notice requirement of Rule 32 may be met by information contained in the PSR.  *See* <u>United States v. Doucette</u>, 979 F.2d 1042, 1047 n.4 (5th Cir. 1992).  Davenport's PSR clearly stated that the court "may want to consider an upward departure," and we find that each of the district court's grounds for departure is reflected in the report.  First, the court stated that an upward departure is "more than appropriate" because Davenport deliberately targeted numerous elderly and vulnerable victims.  These reasons were expressly set forth in the PSR, which recommended an upward

departure because Davenport's offense "involved the targeting of a large number of vulnerable victims." Next, the court found that "the amount of dollar loss does not even begin to address the losses and the suffering of the victims in the case and their mental and their emotional strain." This factor was also noted in the PSR, which stated that an upward departure may be warranted when the financial loss "underestimates the harm" due to "severe emotional trauma."

Finally, Davenport argues that he was "blindsided" by the use of the injunction against his company as a ground for departure. Specifically, the district court found that Davenport deserved an increased sentence for "continuing to prey on numerous elderly victims who lost their life savings by trusting [him] with their assets" despite the injunction. Although the PSR does not explicitly mention the injunction, the court's reasoning parallels the probation officer's detailed discussion of United States v. Smith, 133 F.3d 777 (10th Cir. 1997), which affirmed an upward departure for a defendant who exhibited "an extra measure of criminal depravity" and "particularly predatory" criminal conduct. Similarly, the instant departure is partially based on Davenport's unrelenting predatory criminal activity in spite of the Texas Bar's efforts to stop him. Since the PSR's commentary on Smith adverted to comparable behavior, the district court sufficiently informed Davenport that it was contemplating an upward departure due to his continued predatory conduct. Moreover, even if Davenport were not

4

properly notified of the court's final basis for departure, lack of notice on that single factor does not constitute plain error sufficient to affect the fairness, integrity or public reputation of the proceedings. *See* Johnson v. United States, 520 U.S. 461, 466-67 (1997).

In addition to challenging notice, Davenport disputes the propriety of the district court's grounds for departing upward. A district court may depart from a guideline sentencing range when it finds that "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b). This court reviews a district court's upward departure for abuse of discretion. *See* United States v. Arce, 118 F.3d 335, 339 (5th Cir. 1997). There is no abuse of discretion if the district court provides acceptable justification for the departure and the degree of departure is reasonable. *See* United States v. Nevels, 160 F.3d 226, 229-30 (5th Cir. 1998).

In the case at bar, Davenport claims that each of the district court's grounds for departure was already covered by the guidelines. We disagree. The district court's first two bases for departure are Davenport's targeting elderly victims and the large number of victims. The PSR correctly noted that those factors were not considered in the 1997 guidelines, which were used in

5

calculating Davenport's sentence.  Accordingly, we find Davenport's objection to these factors is without merit

The court also based its departure on the victims' emotional strain caused by their monetary losses.  Although dollar loss is specifically accounted for in § 2F1.1 of the Sentencing Guidelines, the commentary to that section provides that where "the loss determined under subsection (b)(1) does not fully capture the harmfulness and seriousness of the conduct, an upward departure may be warranted."   § 2F1.1, comment. (n.10).   At Davenport's sentencing, the district court heard testimony from several victims and found that "the amount of dollar loss does not even begin to address the losses and the suffering of the victims in the case and their mental and their emotional strain."  Since the guidelines provide for an upward departure in precisely such a situation, we do not find that the district court abused its discretion by basing its departure on the victims' financial devastation.

Finally, the district court departed due to Davenport's continued criminal activity in defiance of the injunction obtained by the Texas State Bar.  Although the guidelines provide a two-level increase for disregarding an injunction, Davenport did more than simply ignore a court order.  He intentionally frustrated the injunction's purpose by changing the name of his business, and through this contrivance was able to continue his scheme for more than two years.   We agree with the district court that the

guidelines did not adequately penalize Davenport's calculated criminal conduct.

Davenport next argues that the extent of the departure was unreasonable. The district court added approximately 13 years to Davenport's seven-year guideline sentence. Although this is a large increase, it is less than other departures that have been affirmed by this court. *See, e.g.,* United States v. Geiger, 891 F.2d 512 (5th Cir. 1989)(affirming sentence more than four times greater than guideline maximum); United States v. Roberson, 872 F.2d 597, 606 (5th Cir. 1989)(three times); United States v. Juarez-Ortega, 866 F.2d 747 (5th Cir. 1989)(more than four times). Moreover, Davenport's twenty-year sentence does not exceed the statutory maximum. *See* United States v. Rogers, 917 F.2d 165, 169 (5th Cir. 1990)("Because Rogers' sentence does not exceed the maximum sentence provided by statute, he may not challenge the additional term the district court applied after its point of departure."). These considerations lead us to conclude that the district court's upward departure in sentencing Davenport was not unreasonable.

Finally, Davenport argues that the government breached his plea agreement by failing to recommend that he be sentenced within the guideline range of 70 to 87 months. This argument is foreclosed by United States v. Reeves, 255 F.3d 208, 210 (5th Cir. 2001), in which we held that the government did not breach a plea

agreement by remaining silent at the sentencing hearing when its recommendation had been incorporated into the PSR. As in <u>Reeves</u>, Davenport's PSR includes the government's stipulated range. Furthermore, the plea agreement clearly stated that "[t]he sentence in this case will be imposed by the Court," not the government. Accordingly, we do not find that the government breached the agreement.

### III.

For the foregoing reasons, Davenport's sentence is AFFIRMED.