IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40404
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOSEPH A. BARBARIA,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:01-CR-80-ALL
---------------------
October 2, 2002

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Joseph A. Barbaria ("Barbaria") appeals his sentence

following his guilty-plea conviction of wire fraud and bankruptcy

fraud in violation of 18 U.S.C. §§ 157 and 1343.  He argues that

the district court abused its discretion in imposing an upward

departure.  Barbaria asserts that his case did not fall outside

of the "heartland" of cases covered by the Sentencing Guidelines,

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

so that an upward departure was not warranted and that the district court did not rely on permissible departure factors.

The district court's decision to depart from the Guildelines is reviewed for abuse of discretion. <u>Koon v. United States</u>, 518 U.S. 81, 96-100 (1996). The factors used by the district court to justify its departure included Barbaria's exercise of management responsibilities over the property, assets, and activities of businesses used to engage in criminal activities, the extensiveness of the criminal organization, and the large number of victims, over 75 individuals and companies, as well as Barbaria's persistent abuse of the bankruptcy courts. These factors are permissible departure factors. <u>See</u> <u>United States v. Davidson</u>, 984 F.2d 651, 655 (5th Cir. 1993) (affirming departure where defendant engaged in pervasive criminal scheme); <u>United States v. Davenport</u>, 286 F.3d 217, 220 (5th Cir. 2002) (affirming departure based on large number of victims). The district court also found that Barbaria's scheme was unusually extensive, consisting of both a pervasive and unusual abuse of the law and the judiciary, and thus, the district court properly found that the case was outside of the "heartland" of the Guidelines. <u>See</u> <u>United States v. Threadgill</u>, 172 F.3d 357, 377-78 (5th Cir. 1999). Finally, the departure of three months, which increased Barbaria's sentence to the statutory sentence of 18 U.S.C. §§ 157 and 1343, was reasonable.

AFFIRMED.