IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40871
c/w No. 02-40879
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK DAVID WARREN,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC Nos. G-01-CR-10-ALL
G-00-CR-16-ALL
--------------------
February 6, 2003

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Mark David Warren appeals the sentences he received following his guilty-plea convictions for one count of interstate transportation of child pornography, two counts of possession of child pornography (Counts 2 and 3), and one counts of communicating a false distress message to the United States Coast Guard.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Warren argues that the district court erred in upwardly departing from the guideline range for his interstate-transportation-of-child-pornography conviction (Count 1) because the stated reasons for departure had already been taken into account in determining his guideline sentence and because the district court did not notify him of its intent to depart from the guidelines. Warren did not raise these objections in the district court; therefore, review is for plain error only. See United States v. Davenport, 286 F.3d 217, 219 (5th Cir. 2002) (failure to object to lack of notice); United States v. Alford, 142 F.3d 825, 830 (5th Cir. 1998) (failure to object to upward departure).

Although the fact that the images involved prepubescent minors or minors under 12 had been considered in determining Warren's guideline range, the fact that some of the images involved infants was not taken into consideration. Even though the sadistic or masochistic aspects of the images had been considered in determining the guideline range, in light of the volume or number of the images, over 10,000 by Warren's admission, the weight attached to that factor was clearly inadequate. See § 5K2.0, p.s. These factors were not adequately taken into consideration by the Sentencing Commission, and their consideration is neither forbidden nor discouraged. See § 5H1.1-12, p.s. Moreover, the sentence of 180 months' imprisonment did not exceed the statutory-maximum term of 15

years.  Thus, there is no plain error in the district court's upward departure.

Although the district court erred insofar as it failed to provide notice prior to sentencing of the grounds and its intent to upwardly depart from the guidelines, Warren has not proved that the error was prejudicial.  See United States v. Nevels, 160 F.3d 226, 231 (5th Cir. 1998).  The district court's grounds for departure regarding the sadistic or violent content of the images was based, not only on "the degradation of the images," but also on "the enormity of the volume involved."  As Warren does not address the volume of the degrading images, which was not adequately taken into consideration by the specific-offense-level increase pursuant to § 2G2.2(b)(3) for the sadistic and violent conduct depicted in the images, he therefore has not established that the district court's error regarding lack of notice requires reversal.

Warren also argues that his false-distress sentence was improperly tainted by the district court's feelings regarding the child-pornography offenses.  The district court clearly intended to upwardly depart four levels from the guideline range for the false-distress conviction, as requested by the Government and based on the reasons stated by the Government in its motion.  There is nothing in the record to support Warren's assertion that this upward departure was in any way based on his conduct regarding the child pornography offenses.

AFFIRMED.