United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 19, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20984
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANK MEI, SR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-544-3
--------------------

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Frank Mei, Sr., pleaded guilty to a bill of information charging him with misprision of the felonies of mail fraud, conducting monetary transactions with criminally derived property, and conspiracy to commit those crimes. The 14-month prison sentence imposed by the district court constituted an upward departure which forms the basis for this appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mei argues that he did not receive proper notice of the basis of the district court's intention to depart upward from the guideline sentencing range. This issue is reviewed only for plain error because it was not raised in the district court. See United States v. Alford, 142 F.3d 825, 830 (5th Cir. 1998). The reasons given for upward departure at oral pronouncement and those given in the written reasons for judgment both relate to the bases for upward departure listed in the presentence report. Therefore, Mei has not shown plain error with respect to this issue. See United States v. Davenport, 286 F.3d 217, 219 (5th Cir. 2002); United States v. Vasquez, 216 F.3d 456, 459 (5th Cir. 2000).

Mei's other two issues are also reviewed for plain error as they were not raised in the district court. Mei argues that the district court improperly departed upward from the guideline applicable to the offense of misprision without making a specific finding that Mei was guilty of the underlying felony. The district court made findings that Mei took part in the underlying fraudulent activity and found that he was no less culpable than the least culpable of his co-defendants who were convicted of the underlying felony offense. Mei's reliance on United States v. Warters, 885 F.2d 1266 (5th Cir. 1989), is misplaced. The district court in this case made the findings found wanting in Warters. Mei thus has not shown plain error. See Vasquez, 216 F.3d at 459.

Mei also argues that the upward departure in this case was improper because the full extent of his conduct surrounding the underlying felonious activity was taken into account by the guideline provisions for misprision of a felony.  Mei has not shown error, plain or otherwise, with respect to this issue. See Vasquez, 216 F.3d at 459; Warters, 885 F.2d at 1275.

AFFIRMED.