**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 11, 2011

Lyle W. Cayce
Clerk

No. 08-30776
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KERYN GOYNES, also known as Keryn White,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:07-CR-120-1

Before DAVIS, SMITH and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Keryn Goynes appeals her conviction and sentence on three counts of making false statements to a bank and credit union. The original guidelines sentencing range was 70 to 87 months. The district court granted the Government's motion for a downward departure based on substantial assistance. However, the court ultimately determined that the criminal history category inadequately reflected the seriousness of the crime and the likelihood that Goynes would commit more fraud crimes. The court therefore also departed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 08-30776

upward under the § 4A1.3(a) of the Sentencing Guidelines to impose a sentence of 120 months.

Goynes first asserts that the district court did not give adequate notice of the possibility of an upward departure as required by Federal Rule of Criminal Procedure 32(h). We review this claim for plain error because Goynes did not object to any lack of notice. *See United States v. Davenport*, 286 F.3d 217, 219 (5th Cir. 2002). To establish reversible plain error, Goynes must first show a clear or obvious error that affected her substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If she does so, we have the discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

"Before [a sentencing] court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure." FED. R. CRIM. P 32(h). The notice requirement was satisfied by information contained in the presentence report. *See Davenport*, 286 F.3d at 219-20; *see* Rule 32(h). This contention does not entitle Goynes to relief.

In her second claim, Goynes contends that the court should not have imposed an upward departure after having granted a downward departure. She thus contends that the upward departure was unreasonable. Review is for plain error because there was no objection to the departure or to the reasonableness of the sentence. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

Although it is rare for a court to grant both upward and downward departures, "a net increase [in a sentence] cannot be characterized as a misapplication of the guidelines where both upward and downward departures are granted." *United States v. Pennington*, 9 F.3d 1116, 1119 (5th Cir. 1993). Moreover, a district court's decision whether and by how much to deviate is

2

entitled to great deference. *See Gall v. United States*, 552 U.S. 38, 51-52 (2007). That we might reasonably have imposed a different sentence "is insufficient to justify reversal of the district court." *Id.* at 51. The record supports the district court's conclusion that "in spite of being given every opportunity, [Goynes was] determined to engage in . . . financially predatory conduct," and she "would do it again." Goynes was first convicted of bank fraud in 1995 and thereafter has shown a dangerous propensity to commit similar crimes, even while on supervised release. Her history therefore supported an upward departure. *See United States v. DeLuna-Trujillo*, 868 F.2d 122, 124-25 (5th Cir. 1989)*; United States v. Roberson*, 872 F.2d 597, 606 n. 8 (5th Cir.1989) (citing *United States v. Fisher*, 868 F.2d 128, 130 (5th Cir. 1989)). The upward departure was not plainly erroneous or an abuse of discretion. *See Gall*, 552 U.S. at 46; *Rita v. United States*, 551 U.S. 338, 351 (2007).

In her third contention, Goynes contends that the Government breached the plea agreement by refusing to argue for an offense-level reduction for acceptance of responsibility. This claim is subject to plain-error review because the claim of a breach was not raised in the district court. *See Puckett*, 129 S. Ct. at 1429-33 & n.4.

The plea agreement required the Government to move for a one-level reduction for acceptance of responsibility under § 3E1.1(b) only if the district court found that Goynes qualified for the two-level reduction provided by § 3E1.1(a). Moreover, the third-level reduction was not even possible unless Goynes qualified for the initial two-level reduction. *See United States v. Andino-Ortega*, 608 F.3d 305, 312 (5th Cir. 2010). The district court found that Goynes was not entitled to the prerequisite two-level reduction because she attempted to cash a forged check while on supervised release. Because the district court did not find that Goynes was entitled to the two-level reduction, the Government was neither required nor able to move for the third level of

reduction. Moreover, the Government did not promise either to recommend the prerequisite two-level reduction or not to oppose it. This claim lacks merit.

In her fourth claim, Goynes asserts that prior bank fraud convictions used to calculated her criminal history are invalid in light of *Skilling v. United States*, 130 S. Ct. 2896 (2010). Because Goynes does not contend that her prior convictions were obtained without benefit of counsel in violation of *Gideon v. Wainwright*, 372 U.S. 335 (1963), any attempt to attack those convictions during this appeal is barred. *See United States v. Longstreet*, 603 F.3d 273, 276-77 (5th Cir. 2010) (citing *Custis v. United States*, 511 U.S. 485 (1994)). Moreover, Goynes fails to show how *Skilling*, which addressed the fraudulent deprivation of "honest services," has any relevance to her prior crimes, which involved simple monetary fraud. This claim warrants no relief.

In her final contention, Goynes seeks application of a recent guideline amendment that eliminated the two criminal history points previously awarded for crimes committed within two years of release from imprisonment for a prior offense. Amendment 742, U.S.S.G. App. C., 354-56, eliminated the two "recency points" previously provided by § 4A1.1(e) (Nov. 2009). However, Goynes was not assessed any recency points under § 4A1.1(e). Rather, she received two points under § 4A1.1(d), which has not been revoked and which applies when a defendant has committed a crime while on supervised release. Accordingly, Goynes's argument warrants no relief.

The judgment of the district court is AFFIRMED. Goynes's renewed motion for release on bail pending appeal is DENIED.