# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60489
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 17, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLIE EARL CULLEY,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:12-CR-88

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:[*]

Willie Earl Culley appeals the 57-month sentence imposed following his guilty-plea conviction of conspiracy to possess with intent to distribute more than 500 grams of cocaine and cocaine base, in violation of 21 U.S.C. § 846. He argues that the Government breached the plea agreement by failing to recommend a sentence in the lower 25 percent of the guidelines range and he challenges the substantive reasonableness of his sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60489

Whether the Government has breached a plea agreement is a question of law that this court reviews de novo. *United States v. Reeves*, 255 F.3d 208, 210 (5th Cir. 2001). As Culley did not object to the alleged breach of the plea agreement in the district court, the issue is reviewed for plain error. *Id.* Because the Government's recommendation was incorporated into the presentence report, the Government did not breach the plea agreement by not explicitly requesting a sentence in the lower 25% of the guidelines range at the sentencing hearing. *See United States v. Davenport*, 286 F.3d 217, 221 (5th Cir. 2002); *United States v. Reeves*, 255 F.3d 208, 210 (5th Cir. 2001). Moreover, the district court indicated that it was aware of the Government's sentencing recommendation regarding the guidelines range.

In response to Culley's challenge to the substantive reasonableness of his sentence, the Government argues, inter alia, that this court should dismiss Culley's appeal based upon the plea agreement's appeal waiver. The record indicates that Culley entered into the plea agreement knowingly and voluntarily and that he understood the clear, explicit terms of the waiver. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). Pursuant to the terms of the waiver, Culley waived the right to appeal his sentence on any ground, which includes his substantive reasonableness challenge. Because the appeal waiver was knowing and voluntary and because the Government seeks the enforcement of the appeal waiver, the appeal is dismissed. *See United States v. Walters*, 732 F.3d 489, 491 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 1349 (2014).

APPEAL DISMISSED.