# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-60834
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 24, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

CHRISTOPHER E. LEMON,

Defendant−Appellant.

Appeal from the United States District Court
for the Southern District of Mississippi
No. 3:16-CR-78-1

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Christopher Lemon appeals the 480-month sentence imposed following

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60834

his guilty-plea conviction of second degree murder in violation of 18 U.S.C. § 1111.  He contended in his initial brief that the district court procedurally erred by failing to grant a reduction in his offense level for acceptance of responsibility.

In response, the government moved to dismiss the appeal based on the waiver-of-appeal provision in the plea agreement and plea supplement, wherein Lemon agreed to waive the right to challenge his conviction or sentence.  In the alternative, the government moved for summary affirmance.  Lemon responded, claiming that the government had breached the plea agreement by failing to recommend a sentence in the lower 50% of the guideline range.

Whether the government has breached a plea agreement is a question of law that this court reviews *de novo*.  *United States v. Reeves*, 255 F.3d 208, 210 (5th Cir. 2001).  Because Lemon did not object to the alleged breach of the plea agreement in the district court, the issue is reviewed for plain error.  *Id.* Because the government's recommendation was incorporated into the presentence report, the government did not breach the plea agreement by not explicitly requesting a sentence in the lower 50% of the range.  *See United States v. Davenport*, 286 F.3d 217, 221 (5th Cir. 2002); *Reeves*, 255 F.3d at 210−11.

The record demonstrates that Lemon entered into the plea agreement knowingly and voluntarily and that he understood the clear, explicit terms of the waiver.  *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). Under the waiver, Lemon waived the right to appeal his sentence on any ground, which includes his procedural-reasonableness challenge.  Because the waiver was knowing and voluntary and because the government seeks its enforcement, the motion to dismiss is GRANTED, and the appeal is DISMISSED.  *See United States v. Walters*, 732 F.3d 489, 491 (5th Cir. 2013). The alternative motion for summary affirmance is DENIED.