# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60780
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 16, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SAMUEL GREGG ALLEN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:17-CR-23-1

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Samuel Gregg Allen appeals his 94-month sentence imposed following his guilty plea to assault with a dangerous weapon with the intent to do bodily harm while located on a Choctaw Indian Reservation. He argues that the district court erred in departing upward based on his criminal history in the Choctaw Tribal Court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60780

The Government argues that it complied with its obligations under the plea agreement supplement and, therefore, that the appeal waiver in the plea agreement is enforceable.  Allen argues that the Government breached the plea agreement by failing to recommend to the district court that it impose a sentence within the lower 50% of the applicable sentencing guidelines range computed by the district court.

Generally, whether the Government has breached a plea agreement is a question of law that the court reviews de novo.  *United States v. Reeves*, 255 F.3d 208, 210 (5th Cir. 2001).  Allen failed to object at sentencing, and therefore, our review is for plain error.  *Id.*  To establish plain error, Allen must show a forfeited error that is clear or obvious and that affects his substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, the court has the discretion to correct the error, but we shall do so only if such error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

The Government's sentencing recommendation was incorporated into the presentence report, and the district court was aware of the recommendation.    Therefore, the Government did not breach the plea agreement by not explicitly requesting a sentence in the lower 50% of the guidelines range at the sentencing hearing.  *See Reeves,* 255 F.3d at 210; *United States v. Davenport*, 286 F.3d 217, 221 (5th Cir.  2002).  The appeal waiver bars review of Allen's sentencing issue, and we therefore dismiss the appeal.  *See United States v. Purser*, 747 F.3d 284, 294-95 (5th Cir. 2014).

APPEAL DISMISSED.