IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 02-30242

Summary Calendar

---

UNITES STATES OF AMERICA,

                                        Plaintiff-Appellee,

                    versus

JOSEPH RAY ABOHOSH,

                                        Defendant-Appellant.

---

Appeal from the United States District Court
for the Western District of Louisiana
(01-CR-50082)

---

October 16, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Joseph Ray Abohosh appeals his sentence following pleading guilty to fraudulent use of identity documents and interstate transportation of stolen property. He argues that the district court erred in upwardly departing from his original criminal history category of I to a criminal history category of IV,

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pursuant to U.S.S.G. § 4A1.3. The Government's sealed motion to supplement the record on appeal is GRANTED.

The district court found that an upward departure was warranted based on the similarity of Abohosh's past criminal conduct, the lack of success past sentencing measures had curtailing his criminal behavior, and the likelihood of recidivism.

A district court's decision to depart from the guideline range is reviewed for abuse of discretion.[1] If the district court provides acceptable reasons for departure and the degree of departure is reasonable, the district court has not abused its discretion.[2]

Abohosh first argues that the district court's departure was unreasonable because it considered prior remote convictions for which he had served very little time. This practice is authorized by the guidelines themselves.[3] Further, this court has held that remote criminal history is a proper factor on which to base an upward departure.[4]

Next, Abohosh argues that the departure was unreasonable because the court double departed, adding an extra six months to his sentence after upwardly departing from his original criminal

---

[1] *United States v. Cade*, 279 F.3d 265, 270 (5th Cir. 2002).

[2] *United States v. Nevels*, 160 F.3d 226, 229-30 (5th Cir. 1996).

[3] *See* U.S.S.G. § 4A1.2 Cmt. n.8.

[4] *See e.g., United States v. Dodson*, 288 F.3d 153, 163 (5th Cir. 2002).

history category.  This district court made two misstatements that led to appellant's confusion.  In explaining the 36 month sentence, the district court stated:

> I'm going to depart, as I said, upward from your criminal history category of – by four points, giving you a criminal history category IV and an offense level of 15. Your history category of IV establishes a guideline range of 20 to 30 months.

The district court clearly departed by four levels to a criminal history category of IV, rather than departing upward from zero by four points to category III as Abohosh suggests.  Category IV at an offense level of 15 gives a range of 30 to 37 months imprisonment.[5] Abohosh's 36-month sentence was thus within the applicable guideline range.  The district court misstated this range as 20 to 30 months, a range that does not appear in the table.

Last, Abohosh argues that the district court erred in choosing to upwardly depart to criminal history category IV without explaining why the intermediate categories were not chosen.  This court has previously rejected the notion that the district court must "go through a ritualistic exercise in which it mechanically discusses each criminal history category it rejects on route to the category it selects."[6]  The district court's reasons for rejecting the intermediate categories are implicit in its explanation for its

---

[5] *See* U.S.S.G Ch. 5, Pt. A, (Sentencing Table).

[6] *United States v. Lambert*, 984 F.2d 658, 663 (5th Cir. 1993)(*en banc*).

selection.  The court did not abuse its discretion.  The sentence is therefore AFFIRMED.