# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
January 17, 2020

Lyle W. Cayce
Clerk

No. 19-50356
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JASON BRENT MCCULLOUGH,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:18-CR-183-5

Before BARKSDALE, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Jason Brent McCullough pleaded guilty, without a plea agreement, to one count of conspiracy to distribute and possess methamphetamine, with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The district court sentenced him to, *inter alia*, a within-Sentencing Guidelines term of 292-months' imprisonment.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 19-50356

McCullough challenges his sentence, asserting:  it was procedurally unreasonable because the court failed to address mitigating factors and treated the Guidelines as mandatory; it was substantively unreasonable because it did not account for factors that should have received significant weight; and the court erred by failing to order his sentence run concurrently with his anticipated state sentence, pursuant to Guideline § 5G1.3(c).

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range.  *Gall v. United States*, 552 U.S. 38, 46, 51 (2007).  If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard.  *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

McCullough did not object to his sentence's procedural or substantive reasonableness in district court, but, he contends he preserved his reasonableness challenges by seeking a lower sentence at his sentencing hearing.  To preserve an issue for appeal, however, defendant's "objection must be sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction".  *United States v. Nesmith*, 866 F.3d 677, 679 (5th Cir. 2017) (citations omitted).  Where the crux of the objection is the same as the contention raised on appeal, the error is preserved. *See id.* (citation omitted).  Otherwise, "the issue is considered forfeited, and we review only for plain error".  *See, e.g.*, *United States v. Chavez-Hernandez*, 671 F.3d 494, 497 (5th Cir. 2012) (citations omitted).

No. 19-50356

In district court, McCullough requested leniency; this request, however, did not alert the court to the alleged reasonableness errors and, therefore, failed to preserve the issues. *See, e.g.*, *United States v. Heard*, 709 F.3d 413, 425 (5th Cir. 2013) (holding defendant's requesting below-Guidelines sentence did not preserve objection to sentence's reasonableness). In addition, as McCullough concedes, he did not preserve his Guideline § 5G1.3(c) contention that his federal sentence should run concurrently with any state sentence. Consequently, our review is only for plain error for each of the three issues presented on appeal. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).

Under that standard, McCullough must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct such reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

To satisfy procedural-reasonableness requirements, the sentencing court must state "the reasons for its imposition of the particular sentence". *See* 18 U.S.C. § 3553(c). "The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007) (citation omitted). When the court imposes a within-Guidelines sentence, "little explanation is required". *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). And, we may infer a court's reasons from the record. *See United States v. Whitelaw*, 580 F.3d 256, 263–65 (5th Cir. 2009).

McCullough does not show the requisite clear or obvious error. As in *Rita*, the record shows that the court considered McCullough's contentions and supporting evidence, and was aware of the relevant circumstances, but ultimately found them "insufficient to warrant a sentence lower than the Guidelines range". *See Rita*, 551 U.S. at 358. Moreover, many of the mitigating factors advocated by McCullough—including his age, substance-abuse issues, short previous prison sentences, and family obligations—appeared in the presentence investigation report (PSR), which the court adopted in full. *See id.* at 359 (relying on "context and the record" in rejecting challenge to court's explanation for sentence). The court found the advisory Guidelines sentencing range was "fair and reasonable" in this instance. Its statement of reasons was, therefore, legally sufficient. *See id.* at 358–59 (noting court's determination within-Guidelines sentence was "appropriate" sufficient when "the record makes clear that the sentencing judge considered the evidence and arguments").

Further, no evidence suggests the court believed the Guidelines to be mandatory. It acknowledged the possibility of departing from the recommended Guidelines range before determining a within-Guidelines sentence would be "fair and reasonable".

As for substantive reasonableness, and as discussed *supra*, our precedent holds McCullough's unpreserved challenge is reviewed for plain error. *United States v. Holguin-Hernandez*, 746 F. App'x 403, 403–04 (5th Cir. 2018) (per curiam) (citation omitted), *cert. granted*, 139 S. Ct. 2666 (2019). In any event, McCullough's substantive-reasonableness challenge fails, whether it is reviewed for plain error or, in the light of *certiorari*'s being granted in *Holguin-Hernandez*, under the less-demanding abuse-of-discretion standard.

As also discussed *supra*, a sentence imposed within a properly calculated Guidelines sentencing range is presumptively reasonable. *Rita*, 551 U.S. at 347. Defendant may rebut this presumption "by showing that the sentence does not account for factors that should receive significant weight, gives significant weight to irrelevant or improper factors, or represents a clear error of judgment in balancing sentencing factors". *United States v. Rashad*, 687 F.3d 637, 644 (5th Cir. 2012) (citation omitted).

McCullough contends the court failed to consider his age—46 as of the PSR's preparation—and his belief that he is likely to die in prison as a result of his sentence, which he asserts makes it unreasonable. But McCullough referenced his age at sentencing and referred to a within-Guidelines sentence as "virtually a death sentence". Additionally, the record shows the court relied on 18 U.S.C. § 3553's sentencing factors in finding a within-Guidelines sentence "fair and reasonable". McCullough, therefore, cannot overcome the presumption of reasonableness applicable to his within-Guidelines sentence. *See id.* (citation omitted). Consequently, he cannot show the court either committed clear or obvious error, or abused its discretion, in imposing his within-Guidelines sentence.

Regarding McCullough's third, and final, claim, that the court should have ordered his sentence run concurrently with his anticipated state sentence, this implicates the factual question of whether his state-offense conduct was relevant conduct to the federal offense. *See* U.S.S.G. § 5G1.3(c) ("If . . . a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction[,] . . . the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment."); *United States v. Nevels*, 160 F.3d 226, 229 (5th Cir. 1998) ("The district court's determination of what constitutes relevant

conduct for sentencing purposes is a factual finding." (citation omitted)).  Such "[q]uestions of fact capable of resolution by the district court upon proper objection at sentencing can never constitute plain error".  *United States v. Lindsey*, 774 F. App'x 261, 261 (5th Cir. 2019) (per curiam) (quoting *United States v. Lopez*, 923 F.2d 47, 50 (5th Cir. 1991)).

To the extent McCullough raises a substantive-reasonableness claim on this basis, it fails even if reviewed for abuse of discretion.  As with his earlier substantive-reasonableness challenge, the record shows the court relied on the § 3553(a) sentencing factors in determining McCullough's sentence.  The court was "in a superior position to find facts and judge their import under § 3553(a)".  *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008) (per curiam) (citation omitted).  Reweighing these factors is outside the scope of our review.  *See Gall*, 552 U.S. at 51.

AFFIRMED.